EX PARTE GENE BOURLAND.

No. 19038.   Delivered May 12, 1937.

The opinion states the case.

*Currie McCutcheon* and *Bruce Graham,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the Judge of the Criminal District Court of Dallas County refusing to discharge the relator upon an application for a writ of habeas corpus.

It is shown that the relator was held in custody by virtue of an executive warrant of the Governor of this State issued upon the demand of the Governor of the State of Oklahoma.

The warrant upon its face shows that the relator stood charged by "Preliminary information and other papers." In all other respects the warrant is entirely regular.

The relator insists that the warrant was unauthorized because it was based upon a charge in the demanding State lodged only by information and that this fact is shown by the warrant itself. It is no longer an open question in this State that an

executive warrant may not issue alone upon a charge by information in the demanding State. See Ex parte Stone, 87 S. W. (2d) 267; Ex parte Shillings, 63 S. W. (2d) 853; Ex parte Yawman, 18 S. W. (2d) 647; Ex parte Chittenden, 61 S. W. (2d) 1008. It will be noted, however, that the executive warrant in the instant case shows that the charge was not only by the "preliminary information" but that it was also by "other papers." There was offered in evidence an affidavit that the relator was charged by affidavit in the demanding State with a felony. This affidavit is shown to have been made by the alleged injured party before a magistrate in the State of Oklahoma.

It is insisted by the respondent that the evidence of this affidavit relates to the term "other papers" as referred to in the warrant. The question for determination, therefore, is whether the warrant upon its face must show that it was issued upon an indictment or affidavit, or whether the proof may be resorted to for the purpose of showing that the warrant was in fact based upon the affidavit or indictment. In the Chittenden case, supra, this court, in passing upon such a question, said:

"Returning to the first vital question; i. e., must the rendition warrant, upon its face, show facts that warranted its issuance under the federal statutes? * * * We are compelled to answer this question in the affirmative."

The rule appears to be definitely settled, therefore, that the warrant itself must be sufficient upon its face. In the light of this rule, it is concluded that the extradition warrant was not sufficient and that the relator should have been discharged.

The judgment of the trial court is reversed and the relator ordered discharged.

*Reversed and relator ordered discharged.*