EX PARTE RICHARD BAXTER CHERRY, JR.

No. 25171. December 20, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an extradition case.

Upon the requisition of the Governor of the State of Georgia, the Governor of this state issued his executive warrant which, upon its face, shows that the appellant stands charged by "accusation" in the State of Georgia.

The requisition of the Governor of the State of Georgia upon which the Governor of this state relied and acted is not before us. The record does not reflect, therefore, the nature of the "accusation" against the appellant in the demanding state, whether by indictment, affidavit, or information.

It is now deemed axiomatic that a requisition may issue only

when the accused stands charged in the demanding state by indictment, affidavit, or complaint. A requisition cannot rest upon a charge by information. Ex Parte Bourland, 132 Tex. Cr. R. 434, 105 S. W. 2d 251.

The term, "accusation," is defined by statute of this state as ". . . . . a charge made in a lawful manner against any person that he has been guilty of some offense which subjects him to prosecution in the name of the state. One is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him." Art. 343, P. C.

There being nothing showing to the contrary, it will be presumed that the laws of the State of Georgia defining the term, "accusation," are the same as those of this state. It is apparent, therefore, that the term, "accusation," includes a charge by information.

The warrant of the Governor of this state, in fact the record in its entirety, not affirmatively reflecting that the appellant is charged in the demanding state by indictment or affidavit, we are constrained to conclude that the warrant of extradition is insufficient and that appellant should be discharged from custody or restraint thereunder.

It follows that the order of the judge of the criminal district court of Dallas County, remanding appellant to the custody of the arresting officers is reversed, and appellant is ordered discharged from custody.

Opinion approved by the court.