EX PARTE J. D. GARDNER.

No. 26,803. February 3, 1954.

*Mays & Mays* and *Dave Miller, (Chas. Mays of Counsel)* Ft. Worth, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is an appeal from an order of Criminal District Court No. 2 of Tarrant County refusing to discharge appellant on his application for writ of habeas corpus and remanding him to the custody of the sheriff with instructions to deliver him to the agent of the demanding state.

The information and affidavit in support thereof which accompanied the demand of the Governor of Arkansas read as follows:

"The State of Arkansas )      Information for
       vs.         )
"J. D. Gardner       )        Bigamy

"I, Joe W. McCoy, Prosecuting Attorney within and for the Seventh Judicial Circuit of the State of Arkansas, of which Saline County is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant J. D. Gardner of the crime of bigamy committed as follows, to-wit: The said defendant on the 10th day of March, 1951, in Saline County, Arkansas, did unlawfully, feloniously and bigamously marry one L. Francis Walters, at the time being married to Lucile Gardner, who was living and from whom he had not been legally divorced, against the peace and dignity of the State of Arkansas.

"Joe W. McCoy
"Prosecuting Attorney

"By: O. Wendell Hall, Jr.
"Deputy Prosecuting Attorney

"I, Lucile Gardner, state on oath that the above and foregoing statements are true and correct to the best of my knowledge and belief.

"Lucile Gardner

"Subscribed and sworn to this 27th day of May, 1953.

"John L. Hughes
"Municipal Judge Magistrate"

Elsewhere in the record we find the marriage license issued to appellant and Miss Lucile Guthrie on June 25, 1921.

Lucile, being the first and true wife, cannot be used as a witness against her husband in a bigamy case, nor can she be an affiant to a complaint charging him with such offense. Article 714, C. C. P.; Boyd v. State, 33 Tex. Cr. Rep. 470, 26 S. W. 1080; and Thomas v. State, 14 Tex. App. 70. We further find that the second wife has secured an annulment of her 1951 marriage to appellant.

There is no showing in the record that the laws of Arkansas are any different from those of this state. In the absence of such a showing, we are bound to assume that they are the same. Ex parte Cherry, 155 Tex. Cr. Rep. 324, 234 S. W. 2d 1011.

Since the affiant was incompetent to make the affidavit, it is tantamount to no affidavit and will therefore not satisfy the requirements of Section 3 of Article 1008a, V. A. C. C. P.

The sufficiency of the Governor's warrant is questioned as not being in compliance with the provisions of Section 7 of said Article 1008a in that there is no reference made to an affidavit supporting the information. Also it is contended that the affidavit is insufficient, among other reasons, because made to the best of affiant's knowledge and belief.

It is apparent that the affidavit was made after the execution of the information. This court has always required that an information be based upon a complaint then in existence.

These questions need not be considered because of our disposition of the appeal called for by our holding that the affidavit is insufficient because made by appellant's wife.

The order of the district court is reversed, and the appellant is ordered discharged.