THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS J. MOORE, Appellant, against ALBERT W. SKINNER, as Sheriff of the County of Monroe, Respondent.

Fourth Department, November 18, 1954.

*Erwin N. Witt* for appellant.

*Harry L. Rosenthal, District Attorney* (*John C. Little, Jr.*, of counsel), for respondent.

WHEELER, J.  The relator appeals from an order denying his writ of habeas corpus and remanding him to the Monroe County Sheriff for delivery to the authorized agent of the State of Connecticut.  His arrest was pursuant to a rendition warrant issued by the Governor of New York State upon the requisition of the Governor of the State of Connecticut for surrender of relator as a fugitive from justice in that State.  Relator's identity and presence in Connecticut on the dates charged are conceded, leaving only the question of the sufficiency of the requisition papers as regards the crime charged therein.  Relator urges the papers before the Governor of New York do not satisfy the require-

ments of section 830 of the Code of Criminal Procedure, in that the document upon which the warrant in the State of Connecticut was issued is neither an affidavit (not having been verified) made before a magistrate, nor an information, but is merely a " complaint " under the law of Connecticut. If it be held to be an information, it is unsupported by affidavits made at the time of or previous to the issuance of the warrant.

We construe the document laid before the City Court of Stamford, upon which the original warrant was issued, as an information. This document charging relator with specific violations of a Connecticut penal statute was signed by an assistant prosecuting attorney for the City of Stamford, who " on his oath of office complaint and information makes, that " a certain crime was committed by the relator upon three separate specified dates. We feel this meets the definition of information implied in the distinction between a complaint and an information recognized in *Goddard* v. *State* (12 Conn. 448; see, also, *People ex rel. Mac-Sherry* v. *Enright,* 112 Misc. 568, affd. 196 App. Div. 964).

Whether this information meets the requirements of section 830 of the Code of Criminal Procedure, raises a unique question insofar as precedent is concerned. The statute requires that the demand for the rendition warrant be accompanied, among other things, by " a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon ". Affidavits, executed some six months after the date of the information and city court warrant, are included in the requisition papers before us. The question arises whether these affidavits, which without question support the information as to the crime charged, are sufficient to meet the requirements of our statute, or whether the affidavits referred to therein must have been those executed prior to or contemporaneously with the information upon which the original warrant was issued.

We are of the opinion that a proper and judicious interpretation of the language of the statute requires that the affidavits referred to as in support of an information are only for the purpose of demonstrating to the governors of both the demanding State and the State of asylum that there is merit in the formal charge laid by a public prosecuting officer, or at least that the information, rarely ever made upon personal knowledge, is not unfounded. As such, the date of the supporting affidavits has no bearing upon their sufficiency to meet the requirements of the New York statute. To hold that the affidavits must have been

laid before the issuing Magistrate in the demanding State before or at the time the warrant there was issued would be tantamount to an attempt to dictate the criminal procedure of that State. That is neither the function nor purpose of section 830 of the Code of Criminal Procedure. The validity of the information and its sufficiency as a criminal pleading is a matter to be determined by the courts of Connecticut. (*People ex rel. Gellis* v. *Sheriff*, 251 N. Y. 33; *People ex rel. Hayes* v. *McLaughlin*, 247 N. Y. 238.)

The order insofar as appealed from should be affirmed.

All concur, PIPER, J., not voting. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order insofar as appealed from affirmed, without costs of this appeal to either party.