## EX PARTE ALLEN M. PEAIRS

No. 27,384. February 9, 1955
Rehearing Denied April 20, 1955
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) May 18, 1955
Motion to Dismiss Appeal Granted by Supreme Court
of the United States October 17, 1955
Order Directing Issuance of Mandate
Filed November 28, 1955

244

*Gene Lary, Rafael de Haro,* and *Charles W. Tessmer,* Dallas, for relator.

*Henry Wade,* Criminal District Attorney, *John Fagan,* and *Charles S. Potts,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is an extradition case.

Appellant is charged in the State of Arkansas with an offense defined in the statutes of that state as the crime of failing to discharge a materialman's lien. Arkansas Statutes 51-601.

The Governor of Arkansas, in his requisition, certified that appellant was charged in that state "by affidavit, information and warrant" with said offense. Copies of the affidavit, information and warrant, certified as authentic by the Governor, accompanied the requisition.

It was stipulated that appellant was the person charged in the state of Arkansas and named in the extradition warrant.

The record shows that the Constitution of the State of Arkansas now provides that all offenses may be prosecuted either by indictment by a grand jury, or information filed by the prosecuting attorney. Const. Ark. Amend. No. 21.

It is appellant's contention that, notwithstanding the amendment of the Arkansas Constitution, permitting prosecution by information, under Sec. 3 of Art. 1008a, V.A.C.C.P., there must still be an indictment or an information supported by affidavit in order to extradite a fugitive.

The information was filed on February 4, 1954. Unlike the information known to the Texas Code, it is made under oath, and itself constitutes an affidavit to the effect that appellant on December 14, 1951, as a principal contractor and after having been paid the contract price, unlawfully, wilfully and feloniously failed to discharge a materialman's lien for materials furnished to him and installed on the property of a certain corporation and by virtue of his failure said corporation was forced to pay the $29,060.00 lien after having previously paid appellant the contract price.

This the Governor of Arkansas certifies to be a crime under the laws of Arkansas, from which state appellant fled to Texas.

If this information is not in itself sufficient without an affidavit of some person other than the prosecuting attorney, previously or contemporaneously made and filed, another affidavit made by the prosecuting attorney more fully setting out the facts upon which the state relies was filed on the same day the requisition was issued by the Governor of Arkansas. Also on that day an affidavit was made by E. N. Kimes, plant manager for the named corporation, setting forth fully the facts and the failure of appellant which constitutes the crime in question under Arkansas law.

These affidavits dated February 10, 1954, as well as the information filed February 4, 1954, were attached to the request of the prosecuting attorney for requisition, and were made a part of such requisition.

The cases cited by appellant are to the effect that where there is no showing that the laws of the demanding state are different to those of Texas, and where there is no affidavit to support the information, or where the extradition papers show that the demand is supported by information alone and not by complaint or indictment, the extradition is invalid. See Ex parte Cherry, 155 Texas Cr. R. 324, 234 S.W. 2d 1011; Ex parte Chittenden, 124 Texas Cr. R. 228, 61 S.W. 2d 1008, and cases cited, and Ex parte Gardner, 159 Texas Cr. R. 365, 264 S.W. 2d 125.

The fact that the laws of Arkansas authorize prosecution by information alone; that the information is in itself an affidavit; that another affidavit of the prosecuting attorney was on file and these and the affidavit of Kimes were before the Governor when he issued the requisition certifying that appellant stood charged by "affidavit, information and warrant" distinguish this case from the decisions cited.

Appellant vigorously insists that the Arkansas statute is unconstitutional and void, and that the extradition papers show on their face that this is an attempt to enforce a private claim and to imprison him for not paying a money debt.

The Governor of this state, in his warrant, declares that the Governor of Arkansas, in pursuance of the Constitution and Laws of the United States, has demanded the arrest and delivery to the agent of the state of Arkansas of this appellant, who stands charged with the crime of failing to discharge a material-man's lien committed in that state, and that said demand was accompanied by a copy of the affidavit, information and warrant under which he was so charged, duly certified as authentic by the Governor of Arkansas.

The requisition of the Governor of Arkansas certifies the offense charged against appellant to be a crime in that state, and that appellant is a fugitive from justice.

In the light of these recitations, we cannot agree that the record shows that the prosecution is not in good faith but was for the collection of a debt and not for the purpose of prosecuting appellant for a crime.

The constitutionality of the Arkansas statutes is not for this court to decide. That question must be reserved for the Arkansas Courts and the Supreme Court of the United States.

We hold that appellant is not illegally restrained and that the trial court did not err in remanding him to be returned to Arkansas.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant attacks, in one of the most scholarly briefs to be

filed in this court in some time, the soundness of our original opinion herein and points out that the affidavit of Kimes was sworn to before a notary public and not before a magistrate. This fact, he says, prevents its use for the purpose of extradition.

According to Section 3 of Article 1008a, V.A.C.C.P., no demand shall be recognized unless accompanied by

1. Copy of indictment, or

2. Information supported by affidavit, or

3. Copy of an affidavit made before a magistrate, together with a copy of a warrant which was issued thereupon, or

4. Copy of a judgment of conviction.

We have concluded that the demand in the instant case falls within category (2) above and that the Act does not require the affidavit mentioned in that category to be made before a magistrate.

He further calls attention to the fact that Title 18, Section 3182, U.S.C.A., provides, in part, that the demand must be accompanied by "an affidavit made before a magistrate" and contends that any order of extradition based upon the affidavit before us would be invalid and in violation of such Act. This contention requires more study.

The legislature of this state enacted Article 1008a, V.A.P.C., Uniform Criminal Extradition Act, in 1951. Forty of our states, including Arkansas, have now adopted such an Act.

Following such adoption, the Federal rendition statute (Title 18, Section 3182) ceased to be the exclusive method of extradition between states who have adopted the Uniform Act. Gulley v. Apple (Ark.), 210 S.W. 2d 514; Ex parte Tenner (Cal.), 128 Pac. 2d 338, 314 U.S. 585, 86 L. Ed. 473, 217 U.S. 597, 87 L. Ed. 488.

A state statute on the subject of extradition is unconstitutional only when it seeks to abridge or lessen the duty placed by the Constitution on the part of the chief executive of the asylum state. It follows that any state statute which facilitates the rendition of persons charged with crime is not in conflict with the Federal Constitution and rests rather upon the comity between states and not upon the Federal Constitution. Culbertson v.

Sweeney, 44 N.E. 2d 809, and Cassis v. Fair (Texas), 29 S.W. 2d 245, 151 A.L.R. 233, at page 237.

A state statute which makes less strenuous requirements than those set forth in the Federal rendition statute is valid and does not conflict with the Federal statute.

Prior to the enactment of Article 1008a in 1951, there was no statute in this state which set forth the requirements of a demand, and so naturally the Federal statute was looked to in order to determine its requisites. Such reference is no longer necessary if the statute meets the test set forth above.

Appellant cites many cases decided in this and other courts and prior to the adoption of the State Uniform Criminal Extradition Acts. Such cases ceased to be authority following this basic change in our law relating to extradition and need not be here discussed.

Appellant's last contention is that the affidavit of Kimes is insufficient to support the information because it. was made several days after the information was filed but before the issuance of the demand. It is the general rule that for an information to be valid it must be based upon a complaint then in existence. This is true in all prosecutions for misdemeanors in this state, but does it necessarily follow that this is true where we are testing the authority of the Governor to grant extradition? It is interesting to note that the extradition statute says information *supported* by affidavit, not *based upon* an affidavit.

By a well reasoned opinion (Supreme Court, Appellate Division, Fourth Department), People v. Skinner, 135 N.Y.S. 2d 107, this identical question has been decided. The court said:

"We are of the opinion that a proper and judicious interpretation of the language of the statute requires that the affidavits referred to as in support of an information are only for the purpose of demonstrating to the governors of both the demanding state and the state of asylum that there is merit in the formal charge laid by a public prosecuting officer, or at least that the information, rarely ever made upon personal knowledge, is not unfounded. As such, the date of the supporting affidavits has no bearing upon their sufficiency to meet the requirements of the New York statute."

In opposition to this holding, we are cited Ex parte Gardner, 159 Texas Cr. R. 365, 264 S.W. 2d 125. There we said:

"There is no showing in the record that the laws of Arkansas are any different from those of this State. In the absence of such a showing, we are bound to assume that they are the same. Ex parte Cherry, 155 Texas Cr. R. 324, 234 S.W. 2d 1011.

*  *  *

"It is apparent that the affidavit was made after the execution of the information. This Court has always required that an information be based upon a complaint then in existence."

In the instant case, the laws of Arkansas are shown, and we learn therefrom that prosecution in that state may be instituted upon information alone. It therefore follows that the affidavit of Kimes was not necessary in order to institute prosecution. Its sole function was to meet the requirements of our extradition statute. When considered in that light, the holding in People v. Skinner, supra, is in point. At the time the Governor of Arkansas issued the demand and at the time the Governor of this state granted the same and issued the warrant, each had before him an "information supported by affidavit," as required by the extradition acts of each state.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

DAVIDSON, Judge, (dissenting on motion for rehearing).

My brethren hold that under the statute law of this state (Art. 1008a, C.C.P.) a charge in the demanding state by information supported by an affidavit made before a non-magistrate will support and authorize interstate extradition.

What my brethren hold, then, is that the Constitution of the United States and the acts of Congress authorizing and regulating interstate extradition are not exclusive and that a state may authorize interstate extradition of citizens of that state or persons found therein upon any ground or for any reason the state may deem proper to enact or promulgate. My brethren expressly hold that a state statute that authorizes interstate extradition for reasons not set forth in or covered by the Federal statute is valid.

To these conclusions I do not agree, and therefore enter my dissent.

Art. IV, Sec. 2, of the Constitution of the United States reads, in part, as follows:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

To carry into effect that constitutional provision, Congress passed what is now Title 18, Sec. 3182, U.S.C.A., as follows:

"Fugitives from State or Territory to State, District or Territory

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

In addition to the foregoing statute and in order to effectuate interstate extradition, Congress made it a Federal offense for one to flee from one state to another for the purpose of avoiding prosecution in certain cases. 48 Stat. 782.

The right of interstate rendition must, of necessity, be founded upon and controlled by the Federal constitution and statutes mentioned.

The Federal constitution provided the authority. Congress provided the implements for making effectual the extradition of fugitives from justice from one state to another.

It is clear that the matter of interstate extradition is what it purports to be — that is, a matter between the states and therefore interstate. But, also, the Congress has fully and completely preempted that field and taken over the right to control

interstate extradition. 35 C.J.S., Sec. 2, Extradition, p. 318, furnishes the authority for the conclusion expressed.

Prior to such pronouncement by my brethren, I never heard that interstate extradition is a matter within the control of the individual states. My understanding of the rule is stated in 35 C.J.S., Extradition, Sec. 3, p. 319, as follows:

"While constitutional and statutory provisions relating to interstate extradition should be liberally construed to effect their purposes, their essential elements and requirements must be strictly followed. State legislation on the subject is valid only to the extent to which it aids and is not inconsistent with the federal Constitution and statutes."

The holding of my brethren is directly contrary to the rule just stated.

The authorities my brethren cite in support of their conclusion relate in no particular to interstate extradition, but refer entirely to a matter of comity between the states touching persons who are not fugitives from justice.

Interstate extradition applies only to fugitives from justice. 35 C.J.S., Extradition, Sec. 10, p. 324.

Parolees going from one state to another by and with the consent of the state are not fugitives from justice.

My conclusion, therefore, is that there is no basis for the holding of my brethren that the legislature of this state may, by statute, make "less strenuous requirements than those set forth in the Federal rendition statute" and that there is no basis for their conclusion that such a statute does not conflict with the Federal law. To the contrary, that conclusion is contrary to all the law heretofore written on the subject and clothes the states not only with the power to control interstate matters by legislation but also with the power to take from Congress control over a field of legislation which it has preempted.

So then, under the holding of my brethren it is within the power of the legislature of this state to prescribe by law for one's extradition upon a charge in the demanding state entirely different from and inconsistent with the requirement of the Federal statute (Sec. 3182).

Applying that holding here, my brethren destroy the mandatory provision of said Sec. 3182, which limits extradition only to instances where the accusation in the demanding states is by indictment or affidavit made before a magistrate, and now authorize extradition where the accusation in the demanding state is by an affidavit before a non-magistrate.

By the same rule, the legislature of this state would be empowered to authorize an extradition where the accusation in the demanding states is by information only.

We have always held that extradition could not be accomplished when the charge in the demanding state is by information only. Ex parte Cherry, 155 Texas Cr. R. 324, 234 S.W. 2d 1011.

Indeed, if the legislature has the power to authorize extradidition upon such conditions as to it may seem proper, then it could dispense entirely with a requirement of an accusation in the demanding state and authorize the rendition upon a warrant issued by the demanding state.

A warrant has been held to be insufficient to authorize extradition. Ex parte Shillings, 124 Texas Cr. R. 482, 63 S.W. 2d 853.

In keeping with the innovation and hitherto unheard-of rule, my brethren conclude that under the statute law of this state this appellant is to be extradited not upon an indictment or affidavit made before a magistrate but upon an affidavit made before one not a magistrate.

This holding defeats the Federal statute on the subject and destroys interstate rendition by federal authority.

Unless and until an accused is charged in the demanding state by indictment or affidavit made before a magistrate, the right to extradite him is not shown. Such is the mandate of the Federal statute. The power does not lie with the legislature of this state to destroy that statute.

Not being charged in the demanding state by indictment or affidavit made before a magistrate, appellant is entitled to be discharged from arrest and custody under the warrant of the Governor of this state extraditing him to the state of Arkansas.