Ex parte Tommy A. GOODWIN.

No. 37485.

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Samuel L. Egger, San Antonio, for appellant.

James E. Barlow, Dist. Atty., John G. Benavides and Earl C. Hill, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

This is an appeal from an order of the District Court of Bexar County remanding relator to the custody of the Sheriff of said county for delivery to an agent for the State of Colorado.

The State, introduced in evidence the Executive Warrant of the Governor of this State, regular on its face, authorizing the arrest and return of the relator to the State of Colorado upon the demand of the Governor of that State to answer to charges of burglary and conspiracy to commit burglary. The Executive Warrant shows that the extradition sought of the relator is based upon an information, affidavit and warrant.

The relator offered in evidence the supporting papers which accompanied the warrant of the Governor of Texas and challenged their sufficiency in order to show that the Governor's warrant was not legally issued, as this Court has recognized that he may in Ex parte Tucker, 168 Tex.Cr. 286, 324 S.W.2d 853. We find an information executed by the District Attorney which is sworn to before a notary public and which is therefore not an affidavit made before a magistrate as is required by Section 3 of Article 1008a, Vernon's Ann.C.C.P.

There is no evidence in the record showing that a felony offense in Colorado may be prosecuted upon an information. In the absence of such proof, it is assumed that prosecutions for the felony offenses herein involved are not authorized by Colorado law upon an information. Ex parte Gardner, 159 Tex.Cr.R. 365, 264 S.W.2d 125; Ex parte Cooper, 163 Tex.Cr. R. 642, 295 S.W.2d 906; on second appeal, Tex.Cr.App., 308 S.W.2d 22; Ex parte Doyal, 167 Tex.Cr.R. 83, 318 S.W.2d 642. For that reason, extradition cannot be authorized by the information and affidavit before a notary public on file herein, as was done in Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755, appeal dismissed 350 U.S. 585, 76 S.Ct. 104, 100 L.Ed. 762.

In Ex parte Peairs, supra, we held the affidavit sufficient to support the information because there was an affirmative showing in the record that the laws of the demanding state authorized prosecution for all offenses upon an information.

The judgment is reversed and the cause remanded.