### In re Habeas Corpus of Raymond CHENOWITH.

### No. A–14346.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1967.

Charles Dunn, Tulsa, Okl., for petitioner.

Ted Flanagan, Asst. Dist. Atty., Tulsa County, Tulsa, Okl., for respondent.

BRETT, Judge:

This is an original proceeding in habeas corpus, in which the petitioner herein, Raymond Chenowith, is challenging his extradition to the State of Arkansas, to answer charges filed against him in the Fifth Circuit Court in Pope County, Arkansas.

January 11, 1967 the prosecuting attorney for Pope County executed and filed his verified information before the clerk of the Circuit Court, charging the petitioner with the offense of "disposing of mortgaged property and/or title retained prop-

erty, forgery, fraud, false pretense, and conspiracy". Said information was assigned case number 3311.

The following day, January 12, petitioner was arrested in Tulsa, Oklahoma, as a fugitive from the State of Arkansas, and was required to post a five thousand dollar bail bond. Petitioner states that no demand for extradition was made by the Arkansas authorities, and after making three appearances in the courts of Tulsa County, the fugitive charge was dismissed on April 14. The papers accompanying the extradition request show that the circuit court bench warrant was issued March 17.

The information, accompanying the extradition request, is supported by two affidavits, both of which were executed April 14. One affidavit was executed by the prosecuting attorney, which states that petitioner was in the State of Arkansas at the time the alleged crime was committed; and the second was executed by Mr. Harold Hampton, vice president of the Peoples Bank and Trust Company, Russellville, Arkansas, which recites that this extradition "is not for the purpose of collecting a debt, but that justice might be done." On the same day the prosecuting attorney executed his verified application for extradition before the justice of the peace, Honorable Orville S. Hubbard. Attached to the request was a copy of the information, the two affidavits, the circuit court bench warrant, and the certificate of authentication.

April 18, the Governor of Arkansas issued his request for extradition to the Governor of Oklahoma, and on May 4 the Oklahoma Governor issued his "Warrant on Foreign Request", known as an "extradition warrant".

Thereafter petitioner filed his petition for issuance of the writ of habeas corpus in the district court of Tulsa County, which was denied. June 23 the petition in this matter was filed, and an order to show cause was issued, and the matter was set down for hearing for June 28. Mr.

Ted Flanagan, assistant district attorney for Tulsa County represented the demanding state, filed a response, and appeared at the hearing. Petitioner and his attorney were present at that hearing, at the close of which both sides requested permission to file briefs herein.

In his petition, petitioner does not deny his presence in the State of Arkansas, between September 11, 1964 and January 11, 1967, except to state that he has been in the State of Oklahoma since August, 1966. In his brief petitioner challenges the sufficiency of the request for extradition, and its supporting papers; and denies that the Uniform Extradition Act, Title 22 Okl.St.Ann. § 1141.1 et seq., replaces the Federal Act on Extradition, Title 18 U.S. C.A. § 3182. His challenge to the supporting papers lies in failure of the prosecuting attorney to follow pertinent Arkansas statutes, which relate largely to procedure.

■■ It is true that the information was not filed with the justice of the peace, as provided in the Arkansas Statutes, 43–409; However, it is not the purpose of this action to test the sufficiency of the Arkansas procedures. That is a matter for the Arkansas courts. The documents are properly authenticated and must be presumed to be correct, as to procedural requirements at least. We do have authority to ascertain whether or not the information sufficiently alleges the commission of an offense, and in this case it does.

■■ Petitioner is correct in stating that the Uniform Extradition Act does not replace the Federal Act on Extradition. However, there is ample authority which recites that a state statute which makes less strenuous requirements than those set forth in the federal rendition statute is valid. See: Ex parte Peairs, 162 Tex.Cr. R. 243, 283 S.W.2d 755; Ex parte Tenner, 20 Cal.2d 670, 128 P.2d 338; 151 A.L.R. 240, and other cases cited; 31 Am.Jur.2d 35, p. 927.

Title 22 Okl.St.Ann. § 1141.3 (Uniform Extradition Act), provides that the requisi-

tion for extradition shall be accompanied by:

"1. An indictment found; or,

2. information supported by affidavit in the state having jurisdiction of the crime; or,

3. an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or,

4. a copy of a judgment of conviction or of a sentence imposed in execution thereof."

 In this case, the requisition for extradition is accompanied by a verified information, supported by two affidavits. In addition, there is an affidavit, in the form of a petition for the Arkansas Governor's request for extradition executed by the prosecuting attorney before the justice of the peace. The fact that the justice of the peace did not issue a warrant thereon is immaterial.

█ Petitioner's complaint concerning the requirements of the fugitive warrant are without merit. The fugitive warrant and the warrant for extradition are two separate proceedings. Likewise, the fact that the fugitive charge was dismissed prior to the issuance of extradition proceedings is immaterial. As is stated in 31 Am. Jur.2d § 25, p. 941, "Extradition":

"[D]elay in instituting extradition proceedings is not a ground for discharge under habeas corpus since the matter is held to be one for consideration of the Governor only".

Petitioner refers to his "white horse case" Henry v. McArthur, 122 Colo. 474, 223 P. 2d 621, as being sufficient authority to issue the writ in this case. However, the Henry case can be distinguished from the instant case. In that Colorado case the information was not supported by affidavits, as in the case at bar. Otherwise, the two cases are very similar. The other difference is the extradition papers in this case also contain an affidavit executed before a justice of the peace, which was not mentioned in the Colorado case. Therefore, we cannot accept petitioner's authority for issuance of the writ.

Having considered the petition, briefs, and heard the oral arguments of the parties hereto, we are of the opinion that the writ of habeas corpus prayed for should be, and the same is, denied; and the sheriff of Tulsa County is directed to surrender the petitioner Raymond Chenowith unto Mr. Otto Brinkman, extradition agent of the State of Arkansas, in execution of the Governer's warrant for foreign requisition.

NIX, P. J., and BUSSEY, J., concur.