**Ex parte Wayne Phillip HAM.**

**No. 41006.**

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

James E. Faulkner, Coldsprings, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of California where he stands charged by "complaint, warrant" with the crime of

"Robbery and attempt to kill a human being with malice aforethought."

The sufficiency of the Executive Warrant, issued October 16, 1967, by Preston Smith, Acting Governor of Texas, upon requisition of the Governor of the State of California, containing the recitation that it had been made known by the Governor of California that appellant stood so charged, is challenged.

Authorities relied upon by appellant relate to Executive Warrants reciting that the person sought to be extradited stood charged in the demanding state by *information* with a crime which in this state would be a felony and could not be prosecuted upon an information. Ex parte Ivy, Tex. Cr.App., 419 S.W.2d 862, cites Ex parte Doyal, 167 Tex.Cr.R. 83, 318 S.W.2d 642; Ex parte Cooper, 163 Tex.Cr.R. 642, 295 S.W.2d 906; Ex parte Parker, Tex.Cr.App., 390 S.W.2d 774; Ex parte Goodwin, Tex. Cr.App., 384 S.W.2d 874; Ex parte Gardner, 159 Tex.Cr.R. 365, 264 S.W.2d 125.

The rule applied in the above cases has no application to the case before us, appellant not being charged by *information* but by *complaint*. Ex parte Young, Tex.Cr. App., 397 S.W.2d 74; Ex parte Stanley, Tex.Cr.App., 377 S.W.2d 650; Ex parte Fisher, 168 Tex.Cr.R. 336, 327 S.W.2d 579. See also Ex parte Powers, Tex.Cr.App., 391 S.W.2d 413, and Ex parte Powers, Tex.Cr. App., 391 S.W.2d 414.

The introduction of the Executive Warrant, regular on its face, made a prima facie case for extradition which was not overcome by other evidence. Ex parte Sawyers, Tex.Cr.App., 409 S.W.2d 424; Ex parte Young, Tex.Cr.App., 397 S.W.2d 74; Art. 51.13, Sec. 3, Vernon's Ann.C.C.P.

The judgment remanding appellant to custody for extradition under the Executive Warrant is affirmed.