## Ex parte Don G. EDWARDS.

## No. 47786.

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Lewin Plunkett, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lewis Vandiver and David K. Chapman, Asst. Dist. Atty., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal in a habeas corpus proceeding. Edwards was remanded to custody for extradition to the State of Iowa.

The Warrant of the Honorable Dolph Briscoe, Governor of Texas, was introduced. It recites that Edwards was charged by "information, Supporting Affidavit and Warrant" with the crime of "Robbery With Aggravation."

Edwards contends that since the complaint supporting the information was signed some five weeks after the filing of the information, the Governor's Warrant was void. He relies upon the law of Texas that a complaint must be filed before a conviction can be had. The same contention was made in Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755; and was overruled. See also Ex parte Ward, Tex. Cr.App., 470 S.W.2d 684, 686.

The appellant points out that the law of Arkansas was proved in the Peairs case but was not in the present. In Peairs, the fact that Arkansas provided for the prosecution of a felony by information was shown. At the time of that case a prosecution upon an information for a felony in Texas was not allowed.[1]

We follow our previous ruling in Ex parte Peairs, supra, that an affidavit in support of an information in an extradition proceeding may be filed after the information has been filed.

In Ex parte Bowman, Tex.Cr.App., 480 S.W.2d 675, it was written:

"The asylum state is not concerned with the sufficiency of the indictment, information or affidavit as a criminal pleading; this is a question to be determined by the demanding state. Ex parte Gore, 162 Tex.Cr.R. 128, 283 S.W.2d 69;

---

1. Since the adoption of Article 1.141, Vernon's Ann.C.C.P., a prosecution for a felony may be maintained upon an information.

25 Tex.Jur.2d Extradition § 19 (1961). Similarly, appellant's contention concerning the variance between the requisition and the information, as to the exact date of the offense, will also be left to the courts of the demanding state. Ex parte Heck, Tex.Cr.App., 434 S.W.2d 855; Benson v. State, 128 Tex.Cr.R. 72, 79 S. W.2d 122."

The order denying relief is affirmed.