**Ex parte Bernard Francis BAHMER, Applicant.**

No. 05–86–00032–CR.

Court of Appeals of Texas, Dallas.

Feb. 21, 1986.

Jack E. Walter, Lawrence B. Mitchell, Dallas, for applicant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for respondent.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

PER CURIAM.

■ Bernard Francis Bahmer appeals from the trial court's order denying his writ of habeas corpus by which he sought to avoid extradition to the State of Iowa where he is charged with the offenses of kidnapping in the first degree, assault while participating in a felony and conspiracy to commit murder. In his first ground of error applicant asserts that the papers supporting the Governor's warrant are insufficient to meet the requirements of TEX.CODE CRIM.PROC.ANN. art. 51.13, Sec. 3 (Vernon 1979), because the information charging applicant is not supported by an affidavit. We agree, and accordingly, we reverse.

The papers supporting the Governor's warrant show that applicant is charged in Iowa by information. Under art. 51.13, sec. 3, one of the methods for supporting a demand for extradition is by information supported by affidavit. Here, although the Governor's Warrant states the contrary, the supporting papers do not contain an affidavit to support the information.

■ While it is not necessary that an information *be based* upon an affidavit when, under the laws of the demanding state, prosecution can be instituted on an information alone, *Ex parte Drennan,* 461 S.W.2d 420, 421 (Tex.Crim.App.1971); *Ex parte Peairs,* 283 S.W.2d 755, 758–59 (Tex. Crim.App.1955) (on rehearing), absent some sort of supporting affidavit the requirements of the extradition statute *of Texas* are not met. *See Peairs,* 283 S.W.2d at 758; *see also, Ex parte Robbins,* 575 S.W. 2d 27, 29 (Tex.Crim.App.1978); *Ex parte Blankenship,* 651 S.W.2d 430, 431 (Tex. App.—Dallas 1983, pet. ref'd). Because no supporting affidavit is contained in the supporting papers, the demand for extradition should not have been recognized. Extradition should not have been authorized until the required instruments were furnished by the demanding state.

Since we sustain applicant's first ground of error, we do not reach his second and third grounds of error challenging the constitutionality of the Dallas County Magistrates Act. *See Ex parte Salfen,* 618 S.W. 2d 766, 770 (Tex.Crim.App.1981). The judgment is reversed and the cause is remanded.