NUMBER 13-10-00063-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

EX
PARTE JOE EDWARD TAYLOR A/K/A JOSEPH EDWARD TAYLOR

                                                                                                                     
  

 

On appeal from the
139th District Court 

of Hidalgo County,
Texas.

                                       
                                                                              

 

MEMORANDUM OPINION[1]

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela

Memorandum Opinion by
Justice Rodriguez

 

Appellant Joe Edward Taylor a/k/a Joseph
Edward Taylor filed an application for writ of habeas corpus seeking to avoid
extradition to Florida where he was charged with the crime of transmission of
material harmful to a minor by an electronic and/or equipment device. 
Following a hearing, the trial court denied Taylor the relief he sought and
authorized his extradition.  By three issues, Taylor contends that the trial
court erred in denying his habeas application because he was not a fugitive
from Florida.  We affirm.

I.  Applicable Law

Federal law provides for mandatory
extradition of interstate fugitives who commit an offense in one state and then
flee to another state.  See U.S.
Const. art. IV, § 2, cl. 2; see also Ex parte Holden, 719 S.W.2d
678, 678 (Tex. App.–Dallas 1986, no pet.).  Likewise, article 51.13, section
two of the Texas Code of Criminal Procedure, otherwise known as Uniform
Criminal Extradition Act (the Act), imposes the following duty upon the
Governor to order extradition under mandatory circumstances:

Subject to the provisions of this Article, the provisions
of the Constitution of the United States controlling, and any and all Acts of
Congress enacted in pursuance thereof, it is the duty of the Governor of this
State to have arrested and delivered up to the Executive Authority of any other
State of the United States any person charged in that State with treason,
felony, or other crime, who has fled from justice and is found in this State.

 

Tex. Code Crim. Proc. Ann.
art. 51.13, § 2 (Vernon 2006); see Holden, 719 S.W.2d at 678.  In
addition, article 51.13, section six of the Act gives the Governor discretion
to surrender any person whose actions in Texas, or in a third state,
intentionally result in a crime in the demanding state.  See Tex. Code Crim. Proc. Ann. art. 51.13,
§ 6 (Vernon 2006); Ex parte Harrison, 568 S.W.2d 339, 343 (Tex. Crim.
App. 1978).  Specifically, section six provides that,

[t]he Governor of this State may also surrender, on
demand of the Executive Authority of any other State, any person in this State
charged in such other State in the manner provided in Section 3 with committing
an act in this State, or in a third State, intentionally resulting in a crime
in the State whose Executive Authority is making the demand, and the provisions
of this Article not otherwise inconsistent, shall apply to such cases, even
though the accused was not in that State at the time of the commission of the
crime, and has not fled therefrom.

 

Tex. Code Crim. Proc. Ann. art.
51.13, § 6.

II.  Analysis

In his first and second issues, Taylor
contends that the trial court erred in denying his application for writ of
habeas corpus because it is undisputed that he was not in Florida during the
commission of the alleged offense and did not flee from Florida, which Taylor
claims is a requirement for extradition under the United States Constitution.  See
U.S. Const. art. IV, § 2, cl. 2; Tex. Code Crim. Proc. Ann. art. 51.13,
§ 2.  In response, the State contends that Taylor's extradition was authorized
under section six.  See Tex. Code
Crim. Proc. Ann. art. 51.13, § 6.

On November 23, 2009, the Governor of
Texas signed a warrant stating only that Taylor stands charged with a Florida
crime and is to be found in Texas.  It did not order Taylor's extradition
because he fled from Florida.  Rather, it expressly tracked the language of
section six of the Act.  See id.  It is apparent that Taylor's
extradition was sought and granted pursuant to permissive section six and not mandatory
section two.  See id. art. 51.13, §§ 2, 6.  Additionally, as explained
by the court of criminal appeals in Ex parte Harrison,

[a]lthough not within the strict definition of a
"fugitive," one who commits an act in one state intentionally
resulting in crime in another state and who thus seeks to abate the
administration of justice in the state where the offense was perpetrated is, in
essence, a "fugitive" from justice of such state for extradition
purposes.

 

568 S.W.2d at 344; see Rentz v. State, 833 S.W.2d
278, 280 (Tex. App.–Houston [14th Dist.] 1992, no pet.) (holding, in part, that
where Rentz was charged with sending a package containing cocaine to his
co-defendant in Florida, it was not necessary for the State to prove that he
was in the demanding state at the time of the offense and allowing for
extradition from Texas under section six of the Act).  Thus, we conclude that
Taylor was not required to have fled Florida, the demanding state, in order to
be subject to extradition, and the trial court did not err in denying his
application for writ of habeas corpus.  Taylor's first and second issues are
overruled.

In his third issue, Taylor contends that
the trial court erred in denying his application because section six of the Act
violates the limitations imposed upon extradition by the United States
Constitution.  He argues that section six is but an attempt to enlarge the
state's extradition power through the addition of purported authority
contradictory to the constitutional extradition clause and must fail as void. 
We are not persuaded by this argument because Taylor's constitutional challenge
has been rejected by Texas courts.

In discussing section six of the Act,
the court of criminal appeals has set out the following:

A State statute on the subject of extradition is
unconstitutional only when it seeks to abridge or lessen the duty placed by the
Constitution on the part of the chief executive of the asylum State.  It
follows that any State statute which facilitates the rendition of persons charged
with crime is not in conflict with the Federal Constitution and rests rather
upon the comity between States and not upon the Federal Constitution.

 

Ex parte Foss, 492 S.W.2d 552, 553 (Tex.
Crim. App. 1973) (quoting Ex parte Peairs, 162 Tex. Crim. 243, 283
S.W.2d 755, 758 (1955) (op. on reh'g)).  In addition, the Peairs Court
noted that a state statute which makes less strenuous requirements for
extradition than those set forth in the federal rendition statute is, thus,
valid and does not conflict with the federal statute.  See Peairs, 283
S.W.2d at 758.  Because it has been determined that section six of the Act does
not violate article IV, section two, clause two of the United States
Constitution, we overrule Taylor's third issue.

III. 
Conclusion

We affirm.

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 10th 

day of November,
2010.

                                                                                                                                                            









[1]Because
this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the
Court's decision and the basic reasons for it.  See Tex. R. App. P. 47.4.