

# NUMBER 13-10-00063-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE JOE EDWARD TAYLOR A/K/A JOSEPH EDWARD TAYLOR

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Joe Edward Taylor a/k/a Joseph Edward Taylor filed an application for

writ of habeas corpus seeking to avoid extradition to Florida where he was charged with

the crime of transmission of material harmful to a minor by an electronic and/or equipment

device.  Following a hearing, the trial court denied Taylor the relief he sought and

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

authorized his extradition. By three issues, Taylor contends that the trial court erred in denying his habeas application because he was not a fugitive from Florida. We affirm.

## I. APPLICABLE LAW

Federal law provides for mandatory extradition of interstate fugitives who commit an offense in one state and then flee to another state. *See* U.S. CONST. art. IV, § 2, cl. 2; *see also Ex parte Holden*, 719 S.W.2d 678, 678 (Tex. App.–Dallas 1986, no pet.). Likewise, article 51.13, section two of the Texas Code of Criminal Procedure, otherwise known as Uniform Criminal Extradition Act (the Act), imposes the following duty upon the Governor to order extradition under mandatory circumstances:

> Subject to the provisions of this Article, the provisions of the Constitution of the United States controlling, and any and all Acts of Congress enacted in pursuance thereof, it is the duty of the Governor of this State to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State.

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (Vernon 2006); *see Holden*, 719 S.W.2d at 678. In addition, article 51.13, section six of the Act gives the Governor discretion to surrender any person whose actions in Texas, or in a third state, intentionally result in a crime in the demanding state. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6 (Vernon 2006); *Ex parte Harrison*, 568 S.W.2d 339, 343 (Tex. Crim. App. 1978). Specifically, section six provides that,

> [t]he Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though

2

the accused was not in that State at the time of the commission of the crime, and has not fled therefrom.

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.

## II. ANALYSIS

In his first and second issues, Taylor contends that the trial court erred in denying his application for writ of habeas corpus because it is undisputed that he was not in Florida during the commission of the alleged offense and did not flee from Florida, which Taylor claims is a requirement for extradition under the United States Constitution. *See* U.S. CONST. art. IV, § 2, cl. 2; TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2. In response, the State contends that Taylor's extradition was authorized under section six. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.

On November 23, 2009, the Governor of Texas signed a warrant stating only that Taylor stands charged with a Florida crime and is to be found in Texas. It did not order Taylor's extradition because he fled from Florida. Rather, it expressly tracked the language of section six of the Act. *See id.* It is apparent that Taylor's extradition was sought and granted pursuant to permissive section six and not mandatory section two. *See id.* art. 51.13, §§ 2, 6. Additionally, as explained by the court of criminal appeals in *Ex parte Harrison*,

> [a]lthough not within the strict definition of a "fugitive," one who commits an act in one state intentionally resulting in crime in another state and who thus seeks to abate the administration of justice in the state where the offense was perpetrated is, in essence, a "fugitive" from justice of such state for extradition purposes.

568 S.W.2d at 344; *see Rentz v. State*, 833 S.W.2d 278, 280 (Tex. App.–Houston [14th Dist.] 1992, no pet.) (holding, in part, that where Rentz was charged with sending a

3

package containing cocaine to his co-defendant in Florida, it was not necessary for the State to prove that he was in the demanding state at the time of the offense and allowing for extradition from Texas under section six of the Act).   Thus, we conclude that Taylor was not required to have fled Florida, the demanding state, in order to be subject to extradition, and the trial court did not err in denying his application for writ of habeas corpus.   Taylor's first and second issues are overruled.

In his third issue, Taylor contends that the trial court erred in denying his application because section six of the Act violates the limitations imposed upon extradition by the United States Constitution.   He argues that section six is but an attempt to enlarge the state's extradition power through the addition of purported authority contradictory to the constitutional extradition clause and must fail as void.   We are not persuaded by this argument because Taylor's constitutional challenge has been rejected by Texas courts.

In discussing section six of the Act, the court of criminal appeals has set out the following:

> A State statute on the subject of extradition is unconstitutional only when it seeks to abridge or lessen the duty placed by the Constitution on the part of the chief executive of the asylum State.   It follows that any State statute which facilitates the rendition of persons charged with crime is not in conflict with the Federal Constitution and rests rather upon the comity between States and not upon the Federal Constitution.

*Ex parte Foss*, 492 S.W.2d 552, 553 (Tex. Crim. App. 1973) (quoting *Ex parte Peairs*, 162 Tex. Crim. 243, 283 S.W.2d 755, 758 (1955) (op. on reh'g)).   In addition, the *Peairs* Court noted that a state statute which makes less strenuous requirements for extradition than those set forth in the federal rendition statute is, thus, valid and does not conflict with the

4

federal statute.  *See Peairs*, 283 S.W.2d at 758.  Because it has been determined that section six of the Act does not violate article IV, section two, clause two of the United States Constitution, we overrule Taylor's third issue.

### III. CONCLUSION

We affirm.


NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 10th
day of November, 2010.