# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00314-CR

---

### Ex parte Victor Elias Martinez

---

### FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY
### NO. 423-10172, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

---

## O P I N I O N

Victor Elias Martinez challenges the trial court's denial of his application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.08. Martinez asserted that the trial court must release him from pretrial detention for the offense of aggravated sexual assault on either a personal bond or by reducing bail to an amount he could afford because the State was not ready for trial within 90 days. *See id.* art. 17.151. Because the trial court correctly determined that the statutory period had not lapsed for the aggravated sexual assault charge, we affirm the trial court's denial of Martinez's habeas application.

## BACKGROUND

According to Detective Sara Pence's probable cause affidavits and testimony at the habeas hearing, fifteen-year-old Victoria[1] was brought from Austin to Bastrop, Texas, in early May

---

[1] Because the alleged victims in this case are minors, we will refer to them by pseudonyms to protect their privacy. *See* Tex. R. App. P. 9.10(a)(3).

2024 and held by Martinez against her will for about five months. A second fifteen-year-old, Erin, was reported missing from Austin in early September 2024. Detective Pence tracked Victoria and Erin to a hotel in Cedar Park where they and Martinez were found on September 25, 2024. Both teens made outcries alleging sexual assault committed against Victoria by Martinez and each gave forensic interviews. Martinez was eventually arrested for six offenses and charged by a single indictment with nine offenses.

Martinez was initially arrested for two counts of kidnapping on September 27, 2024, with each teen named in one of the counts. He has remained in pretrial detention since that arrest. The day after his initial arrest, an arrest warrant was issued for the additional offense of smuggling a person that became a victim of sexual assault, with Victoria named as the alleged victim. Two days later, an arrest warrant was issued for the additional offense of smuggling a person under the age of eighteen that was committed against Erin. A little over two months later, on December 5, 2024, an arrest warrant was issued for the additional offense of aggravated assault, which alleged that Martinez cut Victoria's leg with a knife. Over a month later, on January 13, 2025, an arrest warrant was issued for the additional offense of aggravated sexual assault committed against Victoria. Each of his pending charges was assigned a separate cause number.

In March 2025, Martinez filed an application and amended application for writ of habeas corpus seeking release on all six of his cases pursuant to Article 17.151 of the Code of Criminal Procedure. He argued that the State was not prepared for trial within 90 days and that the bonds for all six offenses should be reduced to bonds he could afford, or he should be released on personal bonds.

On April 8, 2025, the State obtained a single nine-count indictment. The first eight counts were allegedly committed against Victoria and include three counts of first-degree felony

aggravated kidnapping, four counts of first-degree felony aggravated sexual assault of a child, and one count of second-degree felony aggravated assault with a deadly weapon. The ninth count alleges that Martinez committed the third-degree felony offense of kidnapping against Erin. One of the indicted aggravated sexual assault offenses corresponds with Martinez's January 2025 arrest warrant and is the subject of this appeal.

The trial court held a hearing on April 10, 2025, at which it heard evidence and argument on all of Martinez's habeas applications. Detective Pence testified regarding her investigation. The trial court admitted the probable cause affidavits in evidence and took judicial notice of the existence of the indictment. The next day, the trial court granted relief on five of Martinez's applications—related to the arrest warrants issued in or before December 2024—but denied Martinez's habeas application that corresponded with the aggravated sexual assault offense. The trial court stated that the reason for the denial was, "because a true bill of indictment was returned with[in] 90 days of Defendant's arrest on that charge," and ordered that bail remain at $500,000.00 for the corresponding indicted count. Martinez appeals from this denial.

## STANDARD OF REVIEW

An applicant for pretrial habeas relief bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995). In reviewing a trial court's decision to grant or deny habeas relief, we view the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles,'" *State v. Hill*, 499 S.W.3d

3

853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

In conducting our review, we afford almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of witness credibility and demeanor. *Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd). However, where the resolution of the ultimate question turns on an application of legal standards, we review the ruling de novo. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

## DISCUSSION

Martinez contends that the trial court erred by denying his habeas application and maintaining bail at an amount he cannot afford for the aggravated sexual assault offense. Specifically, he contends that the trial court miscalculated the 90-day deadline created by article 17.151 of the Texas Code of Criminal Procedure.

Article 17.151 provides, in relevant part:

> A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within . . . 90 days from the commencement of his detention if he is accused of a felony.

4

Tex. Code Crim. Proc. art. 17.151, § 1(1).  The article is mandatory, and the trial court has only two options when it applies: either release the accused on personal bond or reduce the required bail amount "to an amount that the record reflects the accused can make."  *Ex parte Lanclos*, 624 S.W.3d 923, 927 (Tex. Crim. App. 2021); *see Ex Parte Gill*, 413 S.W.3d 425, 432 (Tex. Crim. App. 2013) (concluding that article 17.151 is constitutional and explaining that it "was the remedy" to concerns regarding "the indefinite detention of an uncharged accused on an offense the State is not ready to bring to trial").

Here, the dispositive issue is when the 90 days started running and whether the State obtained the indictment before the 90 days lapsed.  Martinez contends that although the State obtained an indictment within 90 days of the issuance of the arrest warrant for the aggravated sexual assault offense, the start of the 90 days should relate back to his arrest for kidnapping because he was already "detained" for the offenses of kidnapping arising out of the same "criminal episode."  However, article 17.151 does not include the term "criminal episode."  Rather, it measures the 90 days based on "the criminal action for which [the defendant] is being detained." Tex. Code Crim. Proc. art. 17.151, § 1.

The Texas Penal Code treats "criminal action" and "criminal episode" as different concepts.  For example, section 3.02. provides that "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode."  Tex. Penal Code § 3.02. Section 3.01 defines "criminal episode" as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

5

> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code § 3.01. "[A] defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several." *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (affirming "*LaPorte's* statutory interpretation of 'a single criminal action,'" and overruling on another ground).

Notably, it is the State's decision whether to consolidate multiple offenses arising out of a single criminal episode into a single criminal action or to prosecute each offense arising from a criminal episode in multiple distinct criminal actions. *See* Tex. Penal Code § 3.02(a) ("A defendant *may* be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." (emphasis added)); *Nelson v. State*, 864 S.W.2d 496, 498 (Tex. Crim. App. 1993) (noting that language of section 3.02 is "permissive"). Additionally, while a defendant has a right to sever offenses into separate criminal actions, "[a] defendant does not have a right to consolidate offenses committed in the same criminal episode." *Nelson*, 864 S.W.2d at 498.

Further, article 17.151 § 2(2) provides that "[t]he provisions of this article do not apply to a defendant who is . . . being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed," supporting the conclusion that the focus of the article is on the time of detention per accusation. *Cf. State v. Eaves*, 800 S.W.2d 220, 223 (Tex. Crim. App. 1990) (noting that prior to 1965, Penal Code defined "criminal action,"

6

"prosecution," and "accusation," "substantially alike" and used the terms "in the same sense"); *Ex parte Cherry*, 155 Tex. Crim. 324, 325, 234 S.W.2d 1011 (1950) (noting that "accusation" has historically been "defined by statute of this State as 'a charge made in a lawful manner against any person that he has been guilty of some offense which subjects him to prosecution in the name of the State'" and that "[o]ne is said to be 'accused' of an offense from the time that any 'criminal action' shall have been commenced against him").

Thus, we conclude that the plain language of article 17.151 applies to "criminal actions," and not "criminal episodes." *Cf. Martinez v. State*, 810 S.W.2d 428, 430 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (holding that when defendant had been released on bail under article 17.151 for murder charge and was later arrested for robbery arising out of same criminal episode, 90 day limit ran from date of robbery arrest and noting that article 17.151 "does not contain language indicating that different indictments arising out of the same criminal episode should be treated differently, and we do not choose to add such a condition to the application of the article"). Because the plain language of article 17.151 applies to "criminal actions," and not "criminal episodes," a separate 90-day deadline applies to each newly charged offense that may be prosecuted independently and result in an additional punishment from the previously charged offenses. However, neither the statute nor our holding authorize indefinite detention. *See Gill*, 413 S.W.3d at 432.

Here, the relevant criminal action is the aggravated sexual assault charge.[2] Thus, starting at the date of the arrest warrant for that offense, January 13, 2025, and adding 90 days,

---

[2] Martinez does not contend, and the record does not demonstrate, that the other offenses for which he was detained could not be lawfully prosecuted and punished separately from his aggravated sexual assault charge. To the extent that the same sexually assaultive conduct in the aggravated sexual assault case was implicated in the allegations underlying the smuggling offense,

April 13, 2025, was the deadline for the State to be ready for trial under article 17.151. The State obtained an indictment on that charge on April 8, 2025, and the trial court denied Martinez's habeas application on April 11, 2025—prior to the running of the 90 days. Thus, the trial court did not abuse its discretion when it denied Martinez's habeas corpus application. *See Ex parte Jagneaux*, 315 S.W.3d 155, 157 (Tex. App.—Beaumont 2010, no pet.) (denying habeas relief when defendant was charged with multiple felony offenses and had been detained less than 90 days for one of them). We overrule Martinez's sole issue.

## CONCLUSION

We affirm the trial court's order denying Martinez's pretrial habeas application.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Affirmed

Filed:   March 4, 2026

---

these are separately punishable offenses. *See* Tex. Penal Code § 20.05(d) (providing that "[i]f conduct constituting an offense under [the smuggling statute] also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections"). The kidnapping charges for which Martinez was first arrested were not alleged as aggravated kidnapping offenses and, thus, did not include any allegations of sexual assault. *Compare* Tex. Penal Code § 20.03 (kidnapping), *with id.* § 20.04 (aggravated kidnapping).