**Ex parte Jack EUBANKS.**

**No. 38470.**

Court of Criminal Appeals of Texas.

June 16, 1965.

Brown & Hamby, by E. L. Hamby, Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody to be extradited to the State of New Mexico.

The demand for extradition and accompanying documents reveal that the purpose of the Executive Authority of the demanding state was to have appellant returned to the penitentiary of New Mexico for further incarceration under a life sentence for murder, he having escaped without satisfying such sentence.

The demand was not accompanied by a copy of the indictment or other accusation or copy of the judgment or sentence, as required by the Uniform Criminal Extradition Act (Art. 1008a, Vernon's Ann. C.C.P.) Section 3 of which provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement* or has broken the terms of his bail, probation or parole. * * * judg-

ment of conviction or sentence must be authenticated by the Executive Authority making the demand * * *."

Prior to the adoption by this State of the Uniform Criminal Extradition Act this Court had held that where the accused had been tried and convicted of crime in the demanding state, demand for his extradition did not have to be accompanied by copy of the indictment or other accusation, copy of the commitment or capias being sufficient. Ex parte Haynes, 98 Tex. Cr.R. 609, 267 S.W. 490.

Since the enactment of the Uniform Act, including the provisions of Section 3 above quoted, copy of the commitment is no longer sufficient and the demand to be sufficient to support the extradition warrant must comply with the statute. See Art. 1008a, Sec. 3, V.A.C.C.P.; 25 Tex.Jur.2d, p. 152, Sec. 18.

The judgment remanding appellant to custody under the extradition warrant is reversed and appellant is ordered released from further custody thereunder.