## Ex parte Jeff DRENNAN.

### No. 43519.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied Jan. 13, 1971.

C. O. McMillan, Stephenville, for appellant.

Frank Coffey, Dist. Atty., Clayton Evans and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Washington.

This is the second time that the matter is before the Court. Appellant was ordered released from custody in the opinion reported in 417 S.W.2d 177, 178 because it was not shown that the offense of first degree forgery could be prosecuted in the State of Washington and that the information was not supported by affidavit or complaint.

Afterwards, the State of Washington made another request for extradition. This appeal is from the order based on the second warrant of the Governor of Texas.

The warrant recites that appellant stands charged by information, supporting affidavit and warrant before the proper authorities with the crime of first degree forgery in the State of Washington.

The supporting papers, containing statutes of the State of Washington were introduced, and they show that the crime of first degree forgery could be prosecuted in that state by information. The supporting papers included an affidavit made before a magistrate and copies of the warrant. This was held sufficient in Ex parte Green, Tex.Cr.App., 437 S.W.2d 859, and we hold it sufficient in this case.

Appellant contends that the affidavits are insufficient.

The amended information is sworn to by Philip H. Faris, the prosecuting attorney for Whitman County, Washington. He makes positive averments of seven different counts of forgery, and the jurat of the affidavit recites that he had read the foregoing information, knows the contents thereof, and believes the same to be true. There is another affidavit made by L. F. Rice referring to the information which recites that the affiant has personal knowledge of the facts, and the jurat shows that it was sworn to and subscribed before a judge of the superior court.

Article 51.13, Section 3, Vernon's Ann.C.C.P., permits extradition upon an information "supported by affidavit." It is not necessary that the information be based upon an affidavit where, under the laws of a demanding state, prosecution could be instituted on an information alone. An information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Peairs, 162 Tex. Cr.R. 243, 283 S.W.2d 755.

The Executive Warrant of the Governor of Texas, the requisition and the supporting papers were sufficient for the judge conducting the hearing to conclude as he did and remand appellant for extradition.

The judgment is affirmed.