**Ex parte Michael Allen COLLINS.**

**No. 43941.**

Court of Criminal Appeals of Texas.

June 23, 1971.

James A. Mills, Jr., Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an extradition proceeding in which appellant was remanded to custody for extradition to the State of South Carolina.

At the habeas corpus hearing the executive warrant was introduced into evidence. It recites that the appellant "stands charged by affidavit made before a magistrate together with a warrant before the proper authorities with the crime of housebreaking, grand larceny, receiving stolen goods, Sec. 16–332 Code of Laws of South Carolina."

The warrant is regular on its face and made a prime facie case for extradition. Ex parte Starks, Tex.Cr.App., 464 S.W.2d 837; Ex parte Corley, Tex.Cr.App. 439 S.W.2d 668.

It is contended that since the documents offered in evidence show that a felony offense was charged and there is no showing that South Carolina authorizes a felony prosecution upon an information, he is entitled to be discharged.

No mention of an information appears in the record. It is not shown if the authorities of South Carolina expect to prosecute the appellant upon an information or by indictment.

Article 51.13, Section 3, Vernon's Ann. C.C.P., provides that an individual may be extradited where he is charged in the demanding state with a felony by "an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon." These requirements have been met.

Even if the supporting papers in this case included an information along with the affidavit and warrant, the appellant would not be entitled to his release. See Ex parte Posey, Tex.Cr.App., 453 S.W.2d 833.

**410**

The appellant contends that since the affidavit is upon an information and belief, it is insufficient. He cites Ex parte Parker, Tex.Cr.App., 390 S.W.2d 774. There the Court stated:

"The information is not supported by affidavit or complaint and the supporting affidavit of the prosecuting attorney is upon information and belief only."

As noted above, the demand for extradition is not based upon an information, but upon an affidavit with a warrant.

It is not necessary that an information be *based* upon an affidavit where, under the laws of a demanding state, prosecution could be instituted on an information alone. An information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Drennan, Tex. Cr.App., 461 S.W.2d 420; Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755.

Even if an affidavit in support of an information cannot be upon information and belief, such rule would not affect the present case. Here the requirements of an affidavit known as a complaint under our practice, and a warrant have been met.

The fact that the affidavit was based on information and belief does not invalidate the proceedings.

In Ex parte Corley, Tex.Cr.App., 439 S. W.2d 668, we wrote:

"An affidavit or indictment upon which a demand for extradition is based and its sufficiency as a criminal pleading, unless clearly void, will be left to the courts of the demanding state and not of this state."

The appellant was substantially charged with a crime in the State of South Carolina. This is sufficient under Article 51.13, Section 3, supra.

The judgment remanding appellant to custody is affirmed.

ONION, P. J., concurs in the result.