**Ex parte Sheila E. BECKHAM.**

**No. 44284.**

Court of Criminal Appeals of Texas.

June 29, 1971.

William F. (Bill) Alexander, Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order of the district court after a habeas corpus hearing, remanding appellant to custody for extradition to the State of California.

The Governor's warrant of the State of Texas was introduced by the State, and the supporting papers, including among other papers, three affidavits, were introduced by the appellant.

Appellant's sole contention on appeal is "the Governor's warrant is insufficient to sustain the extradition of appellant, as the affidavits in support thereof do not reflect sworn facts within the personal knowledge of the respective affiants."

In an extradition proceeding, the Texas courts are not called upon to decide whether or not the demanding state may prosecute the accused on the basis of the supporting papers standing alone. See Ex Parte Posey, Tex.Cr.App., 453 S.W.2d 833 and Ex Parte Clubb, Tex.Cr. App., 447 S.W.2d 185. We need only decide whether or not the Governor has validly issued his warrant, as prescribed in Art. 51.13, Vernon's Ann.C.C.P. This statute provides that the Governor may not issue his warrant unless there are sufficient papers to support the issuance of the warrant. An "information supported by affidavit" is sufficient to support the warrant. The Governor's warrant, which is regular on its face, states that appellant is charged by "information, supporting affidavit, warrant."

This Court has held that the information need not be based upon the supporting affidavit, Ex Parte Drennan, Tex.Cr.App.,

461 S.W.2d 420; Ex Parte Collins, 468 S.W.2d 409 (1971), and that the affidavit need not reflect that the affiants had personal knowledge of the facts stated in the information, Ex Parte Binette, Tex. Cr.App., 465 S.W.2d 373.

■ As the executive warrant of the Governor of Texas is regular on its face and nothing in the supporting papers shows that it is invalid, the judge conducting the hearing properly concluded that appellant should be remanded for extradition.

The judgment is affirmed.