**Ex parte Burton Lesley RANSOM.**

**No. 44245.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Malcolm Dade, Dallas (court appointed on appeal) for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from the order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of North Carolina.

The Warrant of the Governor of Texas and the Sheriff's Return, showing appellant was being held as a result thereof, were introduced into evidence by the state. Appellant introduced as his exhibit a copy of his petition for writ of habeas corpus which had a copy of an indictment and a copy of a judgment attached thereto. It appears the sole complaint is that the Gov-

ernor's Warrant is insufficient upon its face. This allegation is based upon the fact that it appears that the conviction was based upon an "affidavit, indictment, warrant."

Article 51.13, Sec. 7, Vernon's Ann.C.C. P. provides that the "warrant must substantially recite the facts necessary to the validity of its issuance." The Governor's Warrant in the instant case reads:

"Whereas, it has been made known to me by the Governor of the State of North Carolina that Burton L. Ransom stands convicted of the crime of murder in the first degree before the proper authorities *by affidavit, indictment, warrant* and thereafter escaped from the North Carolina State Penitentiary on July 31, 1967, and that the said fugitive has taken refuge in the State of Texas * * *." (Emphasis supplied)

 Even if we disregarded the words "by affidavit, indictment, warrant" as surplusage, the remaining allegation, standing alone, is sufficient to meet the requirements of Article 51.13, Sec. 7, supra.

Further, it appears that appellant contends that the Governor's Warrant is insufficient because it does not sufficiently track Section 3 of said Article. However, the warrant does show that appellant herein (1) stands convicted of the crime of murder in the first degree, and (2) that he thereafter escaped from the North Carolina State Penitentiary and then (3) took refuge in the State of Texas. This suffices to substantially state the grounds for extradition.

An overall construction of the Uniform Criminal Extradition Act requires the conclusion that the Governor's Warrant must substantially state the basis for the extradition, and that Section 7 was not intended to mean that the Governor's Warrant must substantially state all of the requirements of Section 3 pertaining to the form of the demand. However, in any event, the absence of the allegation in the Governor's Warrant that appellant was convicted upon an indictment and that a copy of the judgment accompanied the requisition is cured by the inclusion in the record of the papers which show that the Governor's Warrant was justified. By appellant's own exhibit, a copy of his application for writ of habeas corpus includes a copy of the indictment and a copy of the judgment in this cause which authorize the issuance of the Governor's Warrant, hence any deficiency therein is supplied by such exhibit.

Appellant's contentions are overruled. No motion for rehearing will be entertained or filed by the Clerk except by leave of this court after good cause has been shown.

There being no reversible error, the judgment is affirmed.