**Ex parte David Robert FONTES.**

**No. 45009.**

Court of Criminal Appeals of Texas.

Feb. 2, 1972.

Mark A. Troy, Jr., Kenneth A. Herridge, Dallas, for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from the order of the court, after habeas corpus hearing, remanding appellant to custody for extradition to the State of California.

The record reflects that appellant was taken into custody on the basis of a fugitive warrant, alleging possession of marihuana, issuing from the State of California.

The sufficiency of the supporting papers as a basis for the issuance of an Executive Warrant by the Governor of Texas is challenged and it is urged that a fatal variance exists between the Executive Warrant and the requisition instruments from California.

Among the supporting papers is a bench warrant, issuing from the Superior Court for the County of Los Angeles stating that appellant had been charged by information for violating West Cal. Health and Safety Code, Sec. 11530, had been found guilty of such violation, and had failed to appear for sentencing; and the affidavit of Doris C. Nordyke, a deputy sheriff for the County of Los Angeles, attesting to the same facts as are stated in the bench warrant.

Also among the supporting papers is: (1) the affidavit of Daryl L. Davis, a detective of the Los Angeles Police Department, stating the elements of the offense; (2) a copy of the information charging appellant with unlawful possession of marihuana; (3) a copy of the minutes of the Superior Court stating that appellant had pled guilty to the charge but had failed to appear for sentencing; (4) an application by the District Attorney of Los Angeles County for the requisition which includes a copy of the applicable California statute; and (5) the requisition signed by the Governor of California.

The record reflects no irregularity in the written instruments nor question as to their authenticity.

■ The contention that the aforementioned documents are insufficient to form a basis for extradition is without merit. The requisition of the Governor of California certifies as authentic all supporting papers. Among the supporting papers is a copy of West Cal. Health and Safety Code, Sec. 11530, which states that an accused may be charged with the violation of that statute by indictment or information. Though the affidavits were filed after the information, an information need not be based upon the supporting affidavits. Ex parte Beckham, Tex.Cr.App., 468 S.W.2d 446. The copies of the requisition, the statute, the information, and the affidavits are sufficient to support the issuance of the Executive Warrant by the Governor of Texas. Ex parte Sutton, Tex.Cr.App., 455 S.W.2d 274.

■ Under Article 1.141, Vernon's Ann.C.C.P., an accused in this state may voluntarily waive the formal presentment of a grand jury indictment in a non-capital felony case and agree to be charged by information. See, King v. State, Tex.Cr. App., 473 S.W.2d 43 (11–23–71). In the absence of proof to the contrary, we must assume that the laws of the requisitioning state are the same as the laws of this state. e. g. Ex parte Wilson, Tex.Cr.App., 437

S.W.2d 569; Ex parte Gardner, 159 Tex. Cr.R. 365, 264 S.W.2d 125. Thus, even had the California statute not been introduced, the supporting papers would have been sufficient.

Appellant complains that "a fatal variance exists between the Executive Warrant issued by the Governor of the State of Texas and the requisition instruments and demand from the State of California."

The requisition from the Governor of California is based on "the annexed application for requisition and copies of Information and supporting papers . . . ." The Executive Warrant issued by the Governor of Texas is based upon "an affidavit made before a magistrate together with warrant . . . ." As has been previously noted, the affidavit of Doris C. Nordyke and the bench warrant are among the supporting papers.

■ An Executive Warrant must substantially state the basis for extradition, and any defect may be cured by the introduction of the papers which show that the warrant was justified. Ex parte Ransom, Tex.Cr.App., 470 S.W.2d 692. Having found the supporting papers to be sufficient to justify the issuance of the Executive Warrant, no *fatal* variance exists.

■ However, appellant is correct when he says there is a variance between the Executive or Governor's Warrant and the supporting papers. There is not to be found among the supporting papers an "affidavit made before a magistrate together with warrant" actually charging the appellant with a violation of said Sec. 11530, Health and Safety Code, and there is no warrant "issued thereupon" as required by Article 51.13, Sec. 3, V.A.C.C.P.[1] when such affidavit is utilized as the basis for extradition. Is such variance fatal as claimed? We think not.

The information which appellant was prosecuted upon and to which he pled guilty is among the supporting papers. A copy of said Sec. 11530 of the California Health and Safety Code as authenticated by the California Governor permits prosecution for the offenses involved upon either an indictment or information.

In Ex parte Collins, 468 S.W.2d 409 (Tex.Cr.App.1971), it was said:

"It is not necessary that an information be based upon an affidavit where, under the laws of a demanding state, prosecution could be instituted on an information alone. An information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420; Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755."

In Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420, it was stated:

---

1. Article 51.13, Sec. 3, V.A.C.C.P., reads as follows:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney."

"Article 51.13, Sec. 3, Vernon's Ann.C. C.P., permits extradition 'upon an information 'supported by affidavit.' It is not necessary that the information be based upon an affidavit where, under the laws of a demanding state (properly shown), prosecution could be instituted on an information alone. An information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S. W.2d 755."

The information when taken with the affidavit of Detective Davis is sufficient to satisfy this requirement.

When the Executive Warrant, the requisition and supporting papers are considered together they form a proper basis for extradition despite the variance and the trial court did not err in remanding the appellant to custody for extradition.

No motion for rehearing will be entertained or filed by the Clerk except by leave of this court after good cause has been shown.

There being no reversible error, the judgment is affirmed.