**Ex parte J. C. BOWMAN.**

**No. 45535.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Joe Max Shelton, Charles E. Hughes, Sherman, for appellant.

Clifford Powell, County Atty., and J. S. Freels, Jr., Asst. County Atty., Sherman, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order entered in a habeas corpus hearing, remanding appellant to custody for extradition to the State of Oklahoma.

The State introduced into evidence the Executive Warrant, of the Governor of this State. The warrant recites that the appellant stands charged by information, supporting affidavit and warrant before the proper authorities, with the crime of obtaining merchandise by means of a bogus check.

The Executive Warrant, of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing remand of appellant to custody for extradition. Ex parte Jackson, Tex. Cr.App., 470 S.W.2d 679; Ex parte Rhodes, Tex.Cr.App., 467 S.W.2d 425; Ex parte Slavin, Tex.Cr.App., 461 S.W.2d 421.

Appellant first contends that fatal variances exist among the Executive Warrant, requisition instruments, and the information. All of the instruments allege the crime of "obtaining merchandise by means of a bogus check," however, the information's general description of the offense also describes two specific checks as being bogus. Unless the accusation is clearly void, the question of its validity will be left to the courts of the demanding state. The asylum state is not concerned with the sufficiency of the indictment, information or affidavit as a criminal pleading; this is a question to be determined by the demanding state. Ex parte Gore, 162

Tex.Cr.R. 128, 283 S.W.2d 69; 25 Tex. Jur.2d Extradition § 19 (1961). Similarly appellant's contention concerning the variance between the requisition and the information, as to the exact date of the offense, will also be left to the courts of the demanding state.[1] Ex parte Heck, Tex.Cr. App., 434 S.W.2d 855; Benson v. State, 128 Tex.Cr.R. 72, 79 S.W.2d 122.

■ Appellant also asserts that the information is invalid because one of the affidavits supporting it was sworn to subsequent to the date of the information. Among the supporting papers is a copy of Article II, Section 17, of the Constitution of Oklahoma, which states that an accused may be prosecuted by indictment or information.

In Ex parte Collins, 468 S.W.2d 409 (Tex.Cr.App.1971), it was said:

"It is not necessary that an information be based upon an affidavit where, under the laws of a demanding state, prosecution could be instituted on an information alone. An information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420; Ex parte Peairs, 162 Tex.Cr.R. 243, 283 S.W.2d 755." See Ex parte Fontes, Tex.Cr.App., 475 S.W.2d 781; Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420.

Therefore, the information, when taken with the subsequent affidavit, is sufficient to satisfy this requirement for extradition.

Appellant's contention that there have to be two or more bogus checks to constitute an offense under the laws of Oklahoma was refuted by Oklahoma statutes placed into evidence at the hearing.

It is contended that appellant was not identified as having been the person named in the extradition papers. The information was amended some three months prior to the hearing in the instant case and the name J. C. Bowman was added to the names Irene L. Bowman and Carl Bowman by a court order of the district court of Sequoyah County, Oklahoma.

■ The burden of going forward with the evidence shifts to the relator where a prima facie case of identity is made out, as by presumption arising from identity of name, that alone being sufficient, in absence of issue being raised, to require relator to go forward with proof to the contrary. Ex parte Kaufman, Tex.Cr. App., 168 Tex.Cr.R. 55, 323 S.W.2d 48; Ex parte Thompson, 171 Tex.Cr.R. 509, 351 S.W.2d 890. In the instant case, the appellant was not only identified by name but was also positively identified by the complaining witness as the same J. C. Bowman who had previously tendered bogus checks to him in the State of Oklahoma.

Appellant did not testify or offer any proof that he was not the J. C. Bowman named in the Executive Warrant. We find that the appellant was sufficiently identified as the person sought to be extradited.

No error has been shown. The order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the clerk except by leave of this court after good cause has been shown.

Opinion approved by the Court.

---

1. The requisition alleged that the crime was committed on or about the 1st and 2nd day of September 1970 while the information alleged that the crime was committed on or about the 1st and 2nd day of December 1970.