### Ex parte Jack Arthur STEHLING.

#### No. 45608.

Court of Criminal Appeals of Texas.

June 7, 1972.

Foreman & DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 176th District Court remanding the Appellant to custody for extradition to the State of New Jersey to answer charges of "non support of minor children—contrary to 2A:100–2 N.J.S."

At the habeas hearing the State introduced into evidence the warrant of Texas Governor Preston Smith, regular on its face.

The supporting papers having been made available to him the appellant offered into evidence the requisition of the Governor of New Jersey showing him to be charged in that state with "non-support."

The State then without objection offered a certified copy of New Jersey Statute 2A:100–2 certified to by the Secretary of State of New Jersey.

Subsequently, the State offered the balance of the supporting papers.

Thereafter the Court ordered extradition.

Initially appellant contends that the requisition of the Governor of New Jersey reflects that the offense charged is simply "non-support" and that there is no such offense and no showing that the Appellant is substantially charged in the demanding state with a crime under the laws of that state. See Article 51.13, Sec. 3, V.A.C. Cr.P. He relies upon Ex Parte Juarez, 410 S.W.2d 444 (Tex.Cr.App.1967).

*Juarez* can be easily distinguished. There the Executive Warrant of Texas Governor reflected simply that Juarez was charged with "nonsupport." Only such warrant was introduced. The supporting papers were not offered. In *Juarez* we noted that there was no offense in Texas as plain "non-support" and reversed the order of extradition.

In the instant case the Governor's warrant reflects that the appellant was charged in New Jersey with the crime of non-support of minor children—contrary to 2A:100–2 N.J.S.

While the requisition of the New Jersey Governor describes the crime only as "non-support" the certified copy of the New Jersey statutes, a part of the supporting papers, reflects that "2A:100–2" relates to the desertion or non-support of wife or children in destitute or necessitous circumstances.

The trial court had before him sufficient evidence to show that the appel-

lant was substantially charged in the demanding state with a crime under the laws of that State—Article 51.13, Sec. 3, supra. It is well established that the introduction of the Governor's warrant, regular on its face, is sufficient to establish a prima facie case for extradition. Nothing in the supporting papers introduced served to destroy that prima facie case.

Appellant's other contentions deal with the introduction of the remaining portion of the supporting papers, being State's Exhibits 6–16. He claims such papers were introduced over his objection that the same constituted "hearsay."

First, we observe that the appellant, as in Ex Parte Fontes, 475 S.W.2d 781 (Tex.Cr.App.1972), introduced the requisition of the Governor of the demanding state. Such requisition certified that all of the papers annexed were "authentic and duly authenticated in accordance with the Laws of this State." Further, having introduced a portion of the supporting papers in an effort to overcome the prima facie case established by the introduction of the Texas Governor's Warrant, no error resulted in introduction of the balance of the supporting papers by the State in an attempt to sustain the prima facie case. Cf. Article 38.24, V.A.C.Cr.P.

The supporting papers may be introduced by the State, if it wishes, and " . . . are admissible to show the basis on which the governor acted, and are part of the state's prima facie case where introduced." 25 Tex.Jur.2d, Extradition, Sec. 31, p. 184. Such papers must be made available upon demand to the person sought to be extradited and may be introduced by him to overcome the State's case. We find no error in their introduction in the instant case.

Lastly, appellant contends that there was no proof that the "supporting papers" were the same presented to or relied upon by the Governor of Texas. As noted earlier, the introduction of the Governor's Warrant, regular on its face, makes out a prima facie case and carries with it the presumption that the governor in issuing it acted only on a proper, legal and sufficient requisition by the executive authority of the demanding state. After the warrant's introduction the burden of proof is on the accused to show that it was not based on proper authority or that its recitals are inaccurate, etc. See 25 Tex.Jur.2d, Extradition, Sec. 31.

No motion for rehearing will be filed by the Clerk of this Court except by leave of the Court upon a showing of good cause.

The judgment is affirmed.