Ex parte Robert Louis GOINS.

No. 49257.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 11, 1974.

Wayne Burns, Big Spring, for appellant.

Jim D. Vollers, State's Atty. and Larry Gist, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This appeal is taken from an order entered in a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of New York. The appellant urges that the order was erroneously entered because:

(1) "An executive warrant for the extradition of an escaped convict is required to be supported by a properly authenticated copy of either a judgment or sentence showing such conviction."

(2) "Art. 51.13, of Vernon's Ann.C.C.P. does not authorize extradition for the breaking of the terms of temporary release as stated in the Executive Warrant."

(3) "Texas law does not authorize release of those convicted, and in the absence of proof to the contrary it must be presumed that the law of New York is the same so that the Executive Warrant fails to state a good cause for extradition of relator."

Article 51.13, Sec. 3, V.A.C.C.P., follows:

"No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that State; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand; provided, however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney."

At the hearing the State introduced into evidence the Executive Warrant of the Governor of the State of Texas. It recites that:

" . . . Robert Louis Goins stands convicted of the crime of criminal possession of a weapon (2 counts) and reckless endangerment 2nd degree before the proper authorities by indictment and judgment of conviction and thereafter broke the terms of his temporary release and fled from justice and the said fugitive has taken refuge in the State of Texas . . . "

The Executive Warrant appears regular on its face and it would have, if unchallenged, supported the court's order. However, the appellant in an effort to show that the warrant was not properly supported and to defeat the State's prima facie proof introduced the documents supporting the warrant. It was stipulated that all of the supporting papers were introduced. Although there is a recitation in the supporting papers that they contain a judgment and sentence, no judgment and sentence appear in the record. The indictment charging the appellant with the offenses named in the Executive Warrant was included in the supporting papers and is in the record.

In the absence of the judgment or sentence there is not sufficient proof to show that the appellant stands convicted of the named crimes. See Ex parte Eubanks, 392

S.W.2d 700 (Tex.Cr.App.1965). This is not important because the recital that the appellant stands "convicted" implies that he also stands charged with the same offenses. See Ex parte Haynes, 98 Tex.Cr. R. 609, 267 S.W. 490 (1924).

The Executive Warrant states a substantial basis for extradition. Art. 51.13, Sec. 7, V.A.C.C.P. It has been held that a defect in the Executive Warrant may be cured by the supporting papers which show that the warrant was justified. Ex parte Ransom, 470 S.W.2d 692 (Tex.Cr.App. 1971); Ex parte Fontes, 475 S.W.2d 781 (Tex.Cr.App.1972). We hold that the supporting papers are sufficient to justify the issuance of the Executive Warrant since the supporting papers show that the appellant is charged by indictment with a criminal offense in the State of New York and has fled from justice and taken refuge in this State.

The judgment is affirmed.

Opinion approved by the Court.