Cleveland SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 87 204 CR.

Court of Appeals of Texas, Beaumont.

Dec. 9, 1987.

G. Patrick Black, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty. and John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

PER CURIAM.

Appellant filed a pro se application for a writ of habeas corpus in the Criminal District Court of Jefferson County in July, 1987. At that time, the applicant-Appellant was being held in the Jefferson County Jail for extradition to California. The trial court appointed counsel for Cleveland Scott. Counsel filed an additional application for a writ of habeas corpus. The application for the writ alleged that a warrant of extradition had not been issued by the Governor of Texas, as required by law.

The Criminal District Court held a hearing on July 23, 1987, finding that the Appellant had been arrested in Jefferson County on June 16, 1987, in connection with the California murder warrant. The District Court further found and ordered that if the sheriff of Jefferson County was not in receipt of a warrant from the Governor of Texas by September 16, 1987, then the sheriff was to release the Appellant from custody. A written order was signed and entered, including findings. The order was dated July 23, 1987. The order recited that it was made pursuant to *TEX.CODE CRIM.PROC.ANN. Art. 51.13, secs. 15 and 17* (Vernon 1979), providing that the local sheriff retain custody of the petitioner, Cleveland Scott, for a total period of 90 days from the date of his arrest. This order, of course, authorized the sheriff to retain custody until September 16, 1987. Until that time, the Petitioner was to be held without any bond pursuant to *Art. 51.13, sec. 16* of the Code of Criminal Procedure.

In the order dated July 23, 1987, the trial court made a specific finding that, in accordance with California law, the offense for which Cleveland Scott stands charged is punishable by death or life imprisonment.

A second hearing was held in September, 1987. At the September, 1987, hearing, the warrant of the Texas Governor was introduced. A fingerprint card, containing the prints of Cleveland Scott, was also introduced. It is interesting to note that the warrant signed and executed by Governor W.P. Clements, Jr., is accompanied by several documents establishing that the Appellant stands charged, in California, with the crime of "[m]urder with special allegations and special circumstances", committed in San Mateo County, California. The accompanying documentary evidence points out that the special allegations and special circumstances are that our Appellant (Defendant in California) did willfully, with malice aforethought, murder George Roger Grant, a human being, by personally using a deadly and dangerous weapon, a knife, and that the Appellant had previously been convicted of murder with malice of one Clarence Williams, on November 28, 1973, in the Criminal District Court of Jefferson County, Texas; also, that Scott had previously been convicted of murder with malice of one J.C. Coleman in November, 1973, in the Criminal District Court of Jefferson County, Texas. After the Governor's Warrant, itself, had been introduced into evidence and the Exhibit Number Two, the set of fingerprints, the State rested. Immediately after the State's announcement of "rest", the Appellant rested.

We decide that a prima facie case for extradition was made out by the introduction of the warrant from the Governor. The Governor's Warrant is regular on its face. Hence, the burden was then placed upon Scott to overcome the prima facie proof of the existence of every fact which the Governor was obligated to make and determine before issuing such an extradition warrant. *Ex parte Cain*, 592 S.W.2d 359 (Tex.Crim.App.1980).

Therefore, after the prima facie case for extradition is presented and established by the introduction of the Texas Governor's Warrant, being regular on its face, the burden then definitely shifts to the accused to show that the warrant was not legally issued. *Ex Parte Cain, supra; Ex Parte Evans*, 411 S.W.2d 367 (Tex. Crim.App.1967). Also, Scott had the burden of showing the warrant was not based

on proper legal authority or that its recitals are inaccurate. This Scott failed to do. *See Ex Parte Stehling,* 481 S.W.2d 431 (Tex.Crim.App.1972).

There were some supporting papers with the Governor's Warrant and with the fingerprint card, which, we perceive, were not formally placed in evidence. Moreover, there was live testimony from a person who qualified as an expert on fingerprinting that the known prints of Scott and another set of prints made of the person in court were from the same human being. That expert witness took a set of fingerprints from Cleveland Scott the morning of the September 18, 1987, hearing and the expert identified the Appellant in the courtroom as the same Cleveland Scott. Also, with the Governor's Warrant was a set of fingerprints. The witness, who had had lengthy experience and ample training in the field of his expertise, swore that the set of fingerprints contained in, and accompanying, the Governor's Warrant were made by one and the same person as the known fingerprints made by the expert on the morning of the trial—both being of the Appellant, Cleveland Scott. Hence, under this record, the trial court's order that the Governor's Warrant will be executed and carried out will be upheld.

AFFIRMED.