**Ex parte Jack Junior FREEMAN, Appellant.**

No. 01–88–00466–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 1989.

Rehearing Denied Sept. 21, 1989.

Jimmy D. Ashley, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Cathleen C. Herasimchuk, Alex Azzo, Asst. Dist. Attys., Houston, for respondent.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

In 1984, appellant, Jack Junior Freeman, pled guilty to driving while intoxicated. Judge Jimmy Duncan assessed punishment at six months confinement in the Harris County Jail, probated for two years, and a fine of $200. The last day of appellant's probation was April 25, 1986. On that day, the State moved to revoke probation, alleging that appellant had assaulted his wife and unlawfully possessed a handgun. Judge Duncan found the allegations true, revoked probation, and sentenced appellant to six months confinement. The Fourteenth Court of Appeals affirmed the judgment, and the Court of Criminal Appeals refused appellant's petition for discretionary review.

Appellant filed a petition for habeas corpus, claiming ineffective assistance of counsel and judicial bias. Because of the allegations of judicial bias on the part of Judge Duncan, Judge Sherman Ross conducted the habeas corpus hearing. At the conclusion of the hearing, Judge Ross denied appellant any relief. Appellant appeals from that ruling, claiming the trial court erred when it refused to grant him relief.

### I. Ineffective assistance of counsel.

In a post-conviction writ of habeas corpus proceeding, defendant has the burden to plead and prove factual allegations that entitle him to relief. *Ex parte Russell,* 720 S.W.2d 477, 487 (Tex.Crim.App.1986). To raise a claim of ineffective assistance of counsel, a defendant must prove the probability of a different result. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). We will sustain a charge of ineffective assistance of counsel only if the record affirmatively proves counsel's ineffectiveness. *Ex parte McWilliams,* 634 S.W.2d 815, 819 (Tex. Crim.App.1982), *cert. denied,* 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1983).

### A. *Appellant did not make a record at the hearing on the habeas corpus that showed ineffective assistance of counsel.*

■ Appellant claims that at the habeas corpus hearing Judge Ross should have allowed him to introduce evidence about the ineffectiveness of his counsel. Appellant is correct. The record of that hearing shows that appellant made several efforts to introduce evidence about ineffective as-

sistance of counsel. Each time the State objected, and Judge Ross sustained the objections.

If the trial court prevented appellant from introducing evidence, appellant should have preserved the excluded evidence in an offer of proof, sometimes called a bill of exceptions. Tex.R.App.P. 52(b); *Easterling v. State*, 710 S.W.2d 569, 578 (Tex. Crim.App.), *cert. denied*, 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986). There is no offer of proof or bill of exception in this record, and therefore, appellant waived the error. *Easterling*, 710 S.W.2d at 578.

### B. *Appellant did not state facts in his habeas corpus petition that entitled him to relief.*

■ Appellant alleged in his petition that he did not have effective assistance of counsel at the hearing for revocation of probation because Mr. Sims, his attorney, was not there. Mr. Sims was in trial in Brazoria County on the day of the hearing, and Mr. Heacock, another attorney, covered the hearing for him. Appellant claims Mr. Heacock was there only to get a continuance. When Judge Duncan overruled the motion for continuance, appellant contends that Judge Duncan forced him to trial without his own attorney. In his petition, appellant said Mr. Heacock did not know that the case was scheduled for a hearing on the merits. Appellant claims Mr. Heacock represented him at the hearing even though he knew nothing about the case.

In his application for writ of habeas corpus, appellant did not contend that if represented by Mr. Sims, Judge Duncan would not have revoked his probation. Because appellant did not state facts that would entitle him to relief, the trial court correctly refused to hear evidence on the issue of ineffective assistance of counsel. *Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim.App.1985). We overrule appellant's first and second points of error.

II. Appellant did not prove Judge Duncan was biased during the hearing to revoke probation.

■ In his third point of error, appellant claims Judge Duncan was biased and prejudiced against him. Appellant claims that, before the hearing on the motion to revoke probation, Judge Duncan was told that appellant had threatened him. Appellant argues that because of the threat, Judge Duncan did not make an unbiased decision on the evidence.

Appellant believes Judge Duncan showed his bias toward him before and after the hearing. Appellant claims Judge Duncan told him before the hearing he would sentence him to 45 days in jail if he pled true, and six months in jail if he refused to plead true.

Appellant was the only witness who testified Judge Duncan threatened him with 6 months if he did not plead true. Judge Duncan testified he suggested a plea to appellant's lawyer in his office or in the hallway. The record is not clear what Judge Duncan suggested as a sentence. His only direct testimony was that he told appellant it did not make any difference to him, "if they wanted to take 45 days, it's all right with me, if they worked it out with the State." The prosecutor testified the State offered appellant a 45-day sentence if he pled true.

As proof of Judge Duncan's bias after the hearing, appellant says Judge Duncan threatened him immediately following the hearing. Appellant testified, and other witnesses confirmed, that five minutes after the hearing, Judge Duncan reentered the courtroom in a rage, approached the counsel table, and told appellant he understood appellant had made a threat on his life. According to appellant and other witnesses, Judge Duncan said "If you come after me, I'll blow your _____ away," and the two exchanged words.

There is no evidence in this record that Judge Duncan knew about the threat before or during the hearing. Judge Duncan testified he learned about the threat from his bailiff, immediately after the hearing, as they were walking down the hall. The assistant district attorney, John Porto, testified that no one told Judge Duncan about the threat against him until after the hearing.

When a defendant claims judicial bias, we review the record to see if it shows the judge's bias denied defendant due process of law. *McClenan v. State*, 661 S.W.2d 108, 109 (Tex.Crim.App.1983). Appellant did not prove he was denied due process. Although there is evidence Judge Duncan was biased *after* the probation revocation hearing, there is no evidence that Judge Duncan was biased during the probation revocation hearing when he imposed the sentence.

Without evidence of bias during the probation revocation hearing, Judge Ross did not err in denying appellant relief. *Ex parte Russell*, 720 S.W.2d at 487. Appellant did not show that Judge Duncan's bias prevented him from receiving due process of law. Appellant's third point of error is overruled.

We affirm the denial of habeas corpus relief.