**Ex parte James McNeil WILSON, Appellant.**

**No. 01–88–00935–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 22, 1989.

Kenneth R. Poland, Woodlands, for appellant.

John B. Holmes, Dist. Atty., John F. Carroll, and Bill Delmore, Asst. Dist. Attys., Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an extradition case. James McNeil Wilson, appellant, appeals from a habeas corpus proceeding at which the court ordered him extradited to Louisiana. We affirm.

■ Appellant's court-appointed counsel filed a brief in which he concluded the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and delineating one plausible point of error. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974).

A copy of counsel's brief and the record were delivered to appellant. Appellant examined the appellate record and elected to filed a pro se brief. We review errors alleged in both briefs.

## I. THE ERROR ALLEGED BY COUNSEL.

At the hearing on appellant's application for writ of habeas corpus, the State introduced the governor's warrant and supporting documents. The supporting documentation included an affidavit made before a magistrate and a warrant issued by the State of Louisiana. Appellant's counsel objected to the introduction of the affidavit in exhibit 1A, the governor's warrant from Louisiana.

■ Counsel alleges on appeal that the affidavit attached to the Louisiana governor's warrant is inadequate because the affidavit does not state facts that allege a criminal violation. Counsel argues that the probable cause statement for the charge of theft does not state that appellant sold the property without the permission or effective consent of the owner.

Appellant is charged by affidavit with felony theft, in violation of La.Rev.Stat. Ann. § 14:67 (West 1972). The charging paragraph in the affidavit states that appellant was charged with

the crime of theft over $500.00, committed on or about May 5, 1988 in the Parish of St. Mary while personally and physically present in this state, which is a crime under the laws of the State of Louisiana.

Counsel for appellant admits that the charging paragraph in the affidavit tracks the statutory language of the offense.

The paragraph in the affidavit that counsel challenges states:

The circumstances of the commission of the alleged crime were the defendant came into St. Mary parish in a truck and trailer belonging to the Shelby Dinette Company of Houston, Texas. Once in the Morgan City, Louisiana area he proceeded to sell the furniture without authorization.

When a court in the asylum state reviews the legality of an arrest under a governor's warrant, the court may consider only the following issues:

1. Are the extradition documents valid on their face?
2. Did the demanding state charge petitioner with a crime?
3. Is petitioner the person named in the request for extradition?
4. Is petitioner a fugitive?

*Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Ex parte Geringer,* 778 S.W.2d 132 (Tex.App.—Houston [1st Dist.] 1989, n.p.h.). The introduction of the Texas governor's warrant, which appears regular on its face, is sufficient to make a prima facie case authorizing appellant's extradition. *Ex parte Kronhaus,* 410 S.W.2d 442, 443 (Tex.Crim. App.1967).

An asylum state is not concerned with the sufficiency of the affidavit as a criminal pleading. *Ex parte Bowman,* 480 S.W.2d 675, 676 (Tex.Crim.App.1972). A challenge to the sufficiency of the affidavit must be determined by the courts of the state requesting the extradition. *Ex parte Flores,* 548 S.W.2d 31, 33 (Tex.Crim.App. 1977). *See also Ex parte Bowman,* 480 S.W.2d at 676.

## II. THE ERRORS ALLEGED BY APPELLANT.

### A. *Written statements of witnesses.*

Appellant also complains about one of the affidavits attached to the Louisiana warrant. Under this point, appellant complains that there were no written, signed statements attached to the affidavit, as required by the bottom of the affidavit form.

Attached to the Louisiana warrant is an affidavit of a Detective Bazet, who signed it in front of a justice of the peace. In his affidavit, Detective Bazet described the crime and the evidence in support of it. Under his signature, the form includes a place to list witnesses to the offense. Under the lines provided for the witnesses' names and addresses, appears the instruction: "Note: Attach written statements of each witness."

As the asylum state, we are not concerned with the sufficiency of the affidavit as a criminal pleading. *Ex parte Bowman,* 480 S.W.2d at 676. We overrule appellant's complaint.

### B. *Ineffective assistance of counsel.*

#### 1. *Failure to request documents.*

Appellant asserts that his counsel was ineffective. He claims that if his counsel had been effective, he would have obtained unspecified documents from Louisiana that would have proved he was arrested and discharged in Louisiana on the same charge. Appellant also claims his trial counsel did not request an investigation of circumstances pursuant to Tex.Code Crim. P.Ann. art. 51.13 § 4 (Vernon 1965). Appellant asserts that if his counsel had requested an investigation, counsel could have informed the trial court that appellant: (1) was arrested in Louisiana on April 11, 1988, on the same charge; and (2) he was released on a petition for writ of habeas corpus on that charge on June 28, 1988.

To raise a claim of ineffective assistance of counsel, appellant must show the probability of a different result. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Ex parte Freeman,* 778 S.W.2d 874 (Tex.App.—Houston [1st Dist.] 1989, n.p.h.) (not yet reported). We will sustain a charge of ineffective assistance of counsel only if the record proves counsel was ineffective. *Id.* Appellant did not meet this burden.

#### 2. *Counsel's lack of investigation.*

Appellant contends that article 51.13 § 4 of the Texas Code of Criminal Procedure,

entitled him to an investigation of circumstances of the extradition. Section 4 of article 51.13 provides that:

> When a demand shall be made upon the Governor of this State by the Executive Authority of another State for the surrender of a person so charged with crime, the Governor may call upon the Secretary of State, Attorney General or any prosecuting officer in this State to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered.

■ This section does not grant a *defendant* a right or place a duty upon counsel to investigate the request for extradition of the demanding state; rather it permits the *governor* of the asylum state to investigate the demand.

■ Appellant claims that if his counsel had conducted an investigation, he would have discovered that appellant was discharged by the Louisiana authorities. Even if appellant is correct, it is not for us to decide. The appropriate forum to resolve that issue is a court in Louisiana. *Ex parte Ellis*, 589 S.W.2d 128, 129 (Tex.Crim. App. [Panel Op.] 1979).

■ We have carefully examined the record and we find that counsel's representation was effective. Appellant has not met his burden to prove that, if his counsel had requested an investigation of circumstances, or if his counsel had obtained particular documents from Louisiana, the trial court would not have ordered his extradition. *Ex parte Freeman*, 778 S.W.2d 874.

#### C. *Violation of due process.*

Appellant states that his due process rights were violated. He also claims that because two states are involved in this proceeding, he is unable to receive equal protection under the law. Appellant does not, however, apprise the Court how his due process rights have been violated, nor how he is being denied equal protection. It is appellant's burden to point out the spe-

cific instances where the court below has erred. *See* Tex.R.App.P. 74(d).

We overrule all points of error and affirm the trial court's denial of habeas corpus relief.