## Ex parte Warren DAVIS.

### No. 2–93–448–CR.

Court of Appeals of Texas, Fort Worth.

April 13, 1994.

David L. Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles Mallin, Asst. Chiefs of Appellate Section, Steven W. Conder, Asst. Dist. Atty. Fort Worth, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, Warren Davis, appeals the trial court's denial of his writ of habeas corpus challenging his extradition to the State of Colorado.

We affirm.

Texas and Colorado have adopted the Uniform Criminal Extradition Act. TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979 & Supp.1994); COLO.REV.STAT. § 16–19–101 (1986). In accordance with the statutes, a Texas Governor's Warrant was issued at the request of the Governor of the State of Colorado requesting appellant be extradited to Colorado. Appellant filed an application for a writ of habeas corpus barring extradition. A hearing was held, and appellant was remanded to the custody of the Tarrant County Sheriff to be delivered to the custody of the agents of the State of Colorado.

Appellant admits the introduction of the Texas Governor's Warrant, which appears regular on its face, is sufficient to make a prima facie case authorizing appellant's extradition. *See Ex parte Kronhaus*, 410 S.W.2d 442, 443 (Tex.Crim.App.1967). However, he contends the trial court erred in ordering his extradition because his due pro-

cess rights were violated when the State of Colorado did not timely follow through with the extradition process after his initial arrest as a fugitive in 1988.

When this court, as a court of the asylum state, reviews the legality of an arrest under a governor's warrant, we may consider only the following issues:

1.  Are the extradition documents valid on their face?

2.  Did the demanding state charge petitioner with a crime?

3.  Is the petitioner the person named in the request for extradition?

4.  Is the petitioner a fugitive?

*Ex parte Wilson,* 781 S.W.2d 421, 423 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (citing *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521, 527 (1978)). None of these issues is presented in appellant's complaint, and we have no authority to consider appellant's due process contention. *See Ex parte Bowman,* 480 S.W.2d 675, 676 (Tex.Crim.App.1972). A due process challenge must be presented to the courts of the state requesting extradition. *See Ex parte Flores,* 548 S.W.2d 31, 33 (Tex.Crim.App. 1977). Accordingly, we overrule appellant's point of error and affirm the judgment of the trial court.